Boon *et al.*, Plaintiffs in Error, *vs.* Miller's Executors, Defendants in Error.

1. A mistake in the calculation of interest, in a settlement, will be relieved against by a court of equity.

### *Error to Cooper Circuit Court.*

The opinion of the court contains a full statement of the facts.

*Adams* and *Davis*, for plaintiffs in error, contended that in the settlement between H. L. Boon and John Miller, there

was a manifest mistake in the calculation of interest; that this mistake was one of fact, and not of law; that it could not have resulted from a wrong construction of the agreement under which the settlement was made, but must have resulted from accident or inadvertence, and therefore should be relieved against by a court of equity. The only question in the books on this subject is, whether a court of equity will not interfere, even where the mistake is one of law.

*Leonard*, for defendants in error.

1. The true construction of the agreement of the 27th June, 1839, required Boon to pay ten per cent. per annum on the $3000 down to that time.

2. If this were otherwise, that was the construction the parties themselves put on the instrument, and they settled accordingly, and the mistake, if any, was in the true construction of the instrument, which was a mistake of law, and not of fact, and furnished no ground for relief. *Lowry* v. *Bourdieu*, Doug. 468. *Bilbie* v. *Lumley*, 2 East. 469. *Clarke* v. *Dutcher*, 9 Cowen 678. *Mowatt* v. *Wright*, 1 Wend. 359. *Lyon* v. *Richmond*, 2 Johns. Ch. Rep. 51. *Mayor of Richmond* v. *Judah*, 5 Leigh's Rep. 312.

RYLAND, Judge, delivered the opinion of the court.

This was a bill in chancery, filed by the complainants against John Miller and the executrix of Thomas A. Smith, deceased, in the Howard Circuit Court, and afterwards removed to Cooper Circuit Court, on account of the judge of the Howard Circuit Court having been of counsel for one of the parties. The following are the material facts, as appears from the bill, answer and exhibits:

The bill was filed in the Howard Circuit Court, in June, 1845, by Hampton L. and William C. Boon, against John Miller and the executors of T. A. Smith, and stated the following case:

In March, 1834, Miller, Smith and H. L. Boon entered into a mercantile partnership, at Fayette, until 1840, with a capital of six thousand dollars, which was to be advanced:

equally by Miller and Smith. Boon was to conduct the business, and the profits were to be equally divided among the partners. The firm commenced business, and carried it on until January 1, 1837, when the partnership was dissolved by mutual consent. The stock on hand was sold on credit, to a new firm, consisting of James Miller and James Smith, for ten thousand dollars, six thousand of which was turned over to the original partners, Smith and Miller, on account of capital stock advanced, and the remaining four thousand dollars left in the hands of the partner, Boon, to close up the affairs of the concern with.

On the 27th of June, 1839, a written agreement was entered into between Miller and Smith, of the one part, and H. L. Boon and W. C. Boon and others, his sureties, of the other part, which, after reciting that the partnership had been dissolved upon the following terms : Smith and Miller to relinquish to Boon all their partnership effects, and Boon, on his part, to refund to Miller and Smith the capital by them respectively advanced, with ten per cent. per annum interest thereon from the time of the respective advancements, and to pay all the demands against the firm, including a note for a thousand dollars and interest, made by Miller to Stanly, for money borrowed to go into the firm, and to guaranty the payment of these demands, provided that H. L. Boon would pay the said demands, and the capital respectively advanced by the partners, Miller and Smith, with interest thereon at ten per cent. from the time the same was advanced, and that Miller and Smith would relinquish to Boon the partnership effects. Miller advanced his three thousand dollars, for capital, about the twelfth March, 1834, and received from H. L. Boon the following sums : 1st January, 1837, three thousand dollars on the indebtedness of James Smith and James Miller. 29th June, 1839, one thousand six hundred and fifty-five dollars, and in 1840, thirty-six dollars. Subsequent to these payments, H. L. Boon discovered that, in settling the amount due Miller for capital and interest, he had made a mistake, which

consisted in calculating the interest down to the time of the agreement of June, 1839, instead of stopping at the 1st January, 1837, when the three thousand dollars was paid, so that at the time of the payment of the sixteen hundred and fifty-five dollars, that payment exceeded the amount then due four hundred and seventy-seven dollars, allowing Miller ten per cent. interest on his capital down to first January, 1837. Miller, having himself paid off the principal and interest due Stanly on his note, sued Hampton L. and William C. Boon, on the agreement of June, 1837, in the Howard Circuit Court, and recovered the balance due on that account in December, 1844, amounting then to one thousand four hundred and twenty-five dollars, and fourteen cents. Upon this judgment, W. C. Boon paid Miller one thousand and fifty dollars, leaving a balance due on the judgment of four hundred and nineteen dollars, seventy-two cents, for which an execution was in the hands of the sheriff of Howard county.

The prayer of the bill was for an injunction against the judgment till the final hearing, and on the final hearing, that the sum due from Miller, on account on the overpayment, be applied to the payment of the balance due on the judgment, and that Miller be decreed to pay to W. C. Boon the excess, over what was necessary to extinguish the balance due on the judgment.

Smith's executors answered, denying all knowledge of the transaction, and John Miller having died, the suit was revived against his executors, who put in their answer, in which they deny that there was any mistake, and allege that the true construction of the agreement of June, 1839, was, that Boon should pay ten per cent. per annum on the capital, down to that time ; that both parties so understood the contract, and that, immediately after the contract, a settlement was made in writing by H. L. Boon of the amount due from him to Miller, under the agreement, in which he charged himself with three thousand dollars, and the interest calculated down to that time, and credited himself with the three thousand dollars re-

turned in 1837, and Smith and Miller's note for sixteen hundred and thirty dollars, leaving a balance due of three hundred and sixty-two dollars, fifty cents, for which he gave his note to Miller, and thereby settled the account. The defendants exhibited the written settlement in H. L. Boon's handwriting, and the $362 note, upon which there was a credit for thirty-six dollars paid in 1840.

The cause having been removed to Cooper county, was heard there in September, 1850, and, upon the hearing, the plaintiff read in evidence the exhibits to the bill and answer, and receipts for the money charged in the bill to have been paid by W. C. Boon to Miller on account of the Stanly debt. These exhibits and receipts are as follows :

### Exhibit A.

Article of copartnership made and entered into this twelfth day of March, in the year eighteen hundred and thirty-four, by and between Thos. A. Smith, John Miller and Hampton L. Boon, witnesseth, that the said Smith, Miller and Boon have this day agreed and do hereby agree to enter into copartnership in the mercantile business, at the town of Fayette, Howard county, Missouri, under the style and firm of Hampton L. Boon & Co. ; the said Smith and Miller agree to furnish the capital, that is to say, at the present time, each agrees, to wit : The said Smith and Miller to furnish the sum of three thousand dollars, making in all the sum of six thousand dollars, and, should a majority of said firm deem it advisable, the said Smith and Miller agree to advance, by the first of February, 1836, such further sum as may be agreed upon by a majority of said firm, for the purpose of establishing a branch of said firm at Huntsville, in Randolph county, in said state, or at such other place as they may deem advisable ; the amount to be expended in the purchase of goods, groceries, hardware, &c., for each and every year, shall be regulated by a majority of said firm. The said Boon is to make all purchases of goods for said concern, and to superintend and conduct the same, subject, however, to the control and supervision of a majority of said firm ; in consideration of which said services to be per-

formed by said Boon, he is to receive one-third part of the profits arising from the transaction of business by said firm, after deducting therefrom store rent, clerk hire, and all other incidental expenses properly chargeable to the same ; the other two-thirds of the nett profits arising from the transactions of said firm to be divided equally betwixt the said Smith and the said Miller. No money is to be loaned from the funds of said concern, but by the consent of a majority of the members of said firm, unless in cases only of small loans to merchants and others, for short periods of time, where it may be found necessary and advisable by said Boon, the active partner. The said partnership to continue and exist until the first day of January, 1841, but may at any time anterior thereto be dissolved by mutual consent of the members thereof, or by the decision of a majority of the members of said firm. An inventory of the goods and effects of said firm shall be taken, and a general adjustment of the accounts and transactions of said firm shall be made, at least once in every year, during the continuance of said partnership. After the said Smith and Miller shall have received, each, the amount of capital by them paid in, respectively, and all just demands against the firm shall have been paid, then the nett profits of said establishment, whenever the firm shall be closed, are to be divided between the parties, as above provided for. The last provision, however, is not intended to preclude either of the individuals composing said firm from withdrawing their proportion of the profits arising from the transactions of said firm, after the capital paid in, and the profits arising from the transactions of said firm shall have amounted to a sum hereafter to be fixed and agreed on by a majority of the partners composing said firm. In testimony whereof, &c., &c.

Witness,                T. A. SMITH, (seal)

CHARLES FRENCH,       JOHN MILLER, (seal)

TH. REYNOLDS.         H. L. BOON. (seal)

### Exhibit B.

Whereas, the undersigned, Thomas A. Smith, John Miller and Hampton L. Boon, have been engaged in mercantile business at

Fayette, Missouri, under the style of Hampton L. Boon & Co., and whereas the said partnership has been dissolved upon the following terms : The partner Boon to refund to Smith and Miller the sums by them respectively advanced, with ten per cent. interest per annum thereon, from the times of the respective advancements, and to pay all demands against said firm, in one year from the date thereof, including a note made by said Miller and Uriel Sebree, to E. Stanly, for one thousand dollars, with interest thereon, and to guaranty the payment of all demands as aforesaid ; and the said Smith and Miller are to release and relinquish unto the said Boon all effects of the said firm. Now it is agreed between the said Smith, Miller and Boon as follows : The said Boon hereby agrees to pay the said Smith and Miller the sums by them respectively advanced to said firm, with ten per cent. per annum interest thereon, from the time the same was advanced ; and the said Boon, together with Nathaniel Ford, Lewis Bumgardner, John R. White, and William C. Boon, as his securities, jointly and severally, agree with the said Miller and Smith, that the said Boon shall and will, within one year from this date, pay and satisfy all claims and demands against said firm, including the aforesaid note made to E. Stanly, hereinbefore referred to ; and the said Smith and Miller hereby convey, assign, transfer, and release unto the said Hampton L. Boon all the money, credits, and effects of the said firm of Hampton L. Boon & Co. It is also further agreed between the parties aforesaid, that the said Miller is to receive, and does now receive from the said Boon, a receipt in full for all claims of the late firm against said Miller. In testimony whereof, the parties aforesaid have hereunto set their hands and affixed their seals this 27th day of June, 1839.

| | |
|---|---|
| H. L. BOON | (seal.) |
| T. A. SMITH, | (seal) |
| JOHN MILLER, | (seal) |
| NATH. FORD, | (seal) |
| L. BUMGARDNER, | (seal) |
| JNO. R. WHITE, | (seal) |
| WM. C. BOON. | (seal) |

Received of H. L. Boon his notes dated this day, with ten per cent. interest thereon, for the full amount due us under this settlement, which notes, when paid, will be in full for the balance due as aforesaid, June 27th, 1839.

T. A. SMITH,
JOHN MILLER.

*Exhibit C.*, showing the amount invested by John Miller, in the firm of Hampton L. Boon & Co., with interest compounded, at the end of each year, at the rate of ten per cent., and the payments made to John Miller by H. L. Boon.

| | | |
|---|---:|---:|
| Invested March 12th, 1834, - - $3000 00 | | |
| Interest 1st year, $300; 2d year, $330, 630 00 | | |
| Interest, nine months and 18 days, to 1st | | |
| January, 1837, - - - - .290 00 | | |
| | $3920 00 | |
| January 1st, 1837, paid by Smith & Miller, - | 3000 00 | |
| | $920 00 | |
| Interest 1st year, $92; interest 2d year, $101; | | |
| interest to 27th June, date of final settlement, | | |
| $55, - - - - - - - - | 248 00 | |
| Due John Miller, 27th June, 1839, - - - | $1168 00 | |
| Paid John Miller by H. L. Boon, as follows: | | |
| Smith & Miller's note, dated Feb'y 1st, | | |
| 1839,- - - - - - $1590 00 | | |
| Interest to final settlement, — - 65 00 | | |
| Paid in 1840, - - - - 36 00 | | |
| | 1691 00 | |
| J. Miller overpaid by H. L. Boon, - - - | 523 00 | |
| Compound interest on $487, six years, - - | 355 00 | |
| | $878 00 | |
| Compound interest on $36, from 1840, is - - | 22 00 | |
| Total due by J. Miller to H. L. Boon, overpaid, | $900 00 | |

*Exhibit A.*—The said exhibit A, mentioned in said joint

answer of John O'Fallon and James Miller, executors of John Miller, deceased, reads as follows, to-wit:

| Interest on $3000, as follows: | | | | $3000 | 00 |
|---|---|---|---|---|---|
| For one year from 1st March, 1834, | | - | | 300 | 00 |
| | | | | $3300 | 00 |
| For one year from 1st March, 1835, | - | | - | 330 | 00 |
| | | | | $3630 | 00 |
| For one year from 1st March, 1836, | - | | - | 363 | 00 |
| | | | | $3993 | 00 |
| For one year from 1st March, 1837, | - | | - | 399 | 30 |
| | | | | $4392 | 30 |
| For one year from 1st March, 1838, | - | | - | 439 | 28 |
| | | | | $4831 | 53 |
| Interest from 1st March, 1839, to 1st July, 1839, | | | | 161 | 05 |
| | | | | $4992 | 58 |

*Cr.*

| By Smith & Miller's note, | - | - | $1630 | 00 | | |
|---|---|---|---|---|---|---|
| By H. L. Boon's do, | - | - | 362 | 58 | | |
| | | | | | $1992 | 58 |
| Cash, original stock, | - | - | - | - | 3000 | 00 |
| | | | | | $4992 | 58 |

*Receipt No.* 1. "Received of Wm. C. Boon, the sum of one hundred dollars, upon a judgment rendered against him and in my favor, at the last term of the Howard Circuit Court.

"JOHN MILLER.

"Fayette, January 24th, 1845.

"$100."

*No.* 2. "Received of William C. Boon the sum of three hundred and fifty dollars, being in part payment of a note executed to Elisha Stanly, by John Miller and Uriel Sebree, for one thousand dollars, dated about the year 1834 or 1835, and

afterwards assumed to be paid by H. L. Boon, with Wm. C. Boon, Jno. R. White, Nath'l Ford, and Lewis Bumgardner, as his securities.

" JOHN MILLER.

" Fayette, December 9th, 1844.

" $350."

*No.* 3.   " Received from W. C. Boon, one hundred and fifty dollars, in part payment of a judgment in the Howard Circuit Court, in favor of John Miller, against said Boon, rendered at the December term, 1844, of the Howard Circuit Court.

" $150."                                " A. LEONARD.

*No.* 4.   " $500.

" Received from W. C. Boon, five hundred dollars, in part payment of a judgment of the Howard Circuit Court, rendered in December instant, against said Boon, and in favor of John Miller.          " A LEONARD, Attorney for Miller."

*No.* 5.   " 4th Feb., 1845.   Received from W. C. Boon, three hundred dollars, in part payment of the judgment of John Miller, against him, in the Howard Circuit Court, rendered at the December term, 1844, thereof.

" $300."          " A. LEONARD, Attorney for Miller."

This was all the evidence, and the court thereupon dissolved the injunction that had been allowed, on the filing of the bill, and dismissed the bill, with costs, against the plaintiffs.

The complainants contend that there is a mistake in the settlement made in June, 1839, by H. L. Boon and John Miller ; that the mistake consists in the calculation of interest on $3000, paid by Boon to Miller, on the first day of January, 1837 ; that this mistake amounts to the sum of nine hundred dollars, principal and interest, at the filing of the bill.

The defendant, Cynthia B. Smith, as executrix of Thomas A. Smith, knows nothing about the matter in controversy, and, being but a formal party, the decree of the court, dismissing the bill as to her, will not be disturbed by this court, nor will she be any further noticed.

The executors of John Miller contend that there is no mistake ; that the settlement was made and the interest calculated down to 27th June, 1839, (two years and a half after the payment of the $3000,) according to the proper construction and right understanding of the agreement between H. L. Boon, John Miller, Thomas A. Smith, W. C. Boon and others, dated 27th June, 1839, and above set forth, in the statement of the facts of this case, as exhibit to complainants' bill, marked B. They also contend that, if there be a mistake even in the computation of the interest, it is à mistake arising from the construction of the agreement aforesaid, by H. L. Boon himself, a misunderstading of the agreement—a mistake in law and not a mistake of fact, and, consequently, that a court of chancery will not remedy it or relieve against it.

There is no doubt of the fact, that, prior to making of this agreement, the partnership of Boon, Miller & Smith had been dissolved ; that this dissolution had taken place on the 1st of January, 1837 ; that the firm had sold the stock of goods on hand at that time, to James Miller and James W. Smith, for about $10,500.   There is no doubt also, that Boon paid over, or rather delivered over, at this time, 1st January, 1837, Smith & Miller's note for $3000, to John Miller, and Smith & Miller's note, for $3000, to Thomas A. Smith ; thus refunding to each of his partners, in the original firm, the amount of capital furnished by them, at the commencement thereof.   These matters are beyond controversy.   Here was a payment to each, as a part of his capital, $3000, as far back as January 1st, 1837, at the first dissolution of the firm of H. L. Boon & Co. This agreement, exhibit B., plainly shows that the firm of H. L. Boon & Co. was, at the making of this agreement, no longer in existence ; it begins by stating that, " whereas, the undersigned, Thomas A. Smith, John Miller and Hampton L. Boon have been engaged in mercantile business, at Fayette, Missouri, under the style of Hampton L. Boon & Co. ; and, whereas, the said partnership has been dissolved upon the following terms" — plainly intimating that the dissolution had

already taken place, before this writing was made — " have been engaged in business" — that is, heretofore. At the making of this instrument, declaring the dissolution, the firm of H. L. Boon & Co. had sold out to James Miller and James W. Smith, and that sale had taken place on 1st January, 1837, and this written agreement was made June 27th, 1839, nearly two years and six months after the sale and dissolution. By examination of the paper referred to as exhibit marked A., in the answer of the executors of John Miller, and which is set forth in the statement, at the beginning of this opinion, it will be seen that the interest on the $3000, instead of stopping on the 1st January, 1837, when that sum was paid to John Miller, was still carried on and compounded up to 1st July, 1839; that is, interest was calculated and compounded at ten per cent. on $3000, for two years and a half, after that sum had been paid to John Miller. The exhibit marked B., will not authorize this; nor can this court suppose it arose from an improper construction of that agreement; nor can it be supposed to arise from any mistake of law. It is a mistake of fact, a wrong calculation as to amount of time; a mere mistake in making the interest run up to 1st July, when the calculation was made, instead of stopping at 1st January, 1837, when the $3000 were paid. This is such a mistake as, when plainly made to appear, the court of chancery will readily correct; otherwise, from a mere mistake of fact, one man would be allowed an unconscionable advantage over another.

There may be some uncertainty whether the partners, Smith and Miller, advanced $4000 to the firm of H. L. Boon & Co., each, or whether the sum was but $3000. In either view, it will not change or alter the mistake in this case. The agreement, made at the time the partnership was formed, expressly states that each one, Miller and Smith, agrees to advance $3000, so as to make the sum of $6000 in all. The bill charges that each one put in $4000. The answer of the executors admits the amount put in to be $4000. If this be so, or if it be but $3000, still the mistake is yet plainly to be seen. The

$3000 was paid on 1st January, 1837, to John Miller : the liability of Boon to pay the Stanly note of $1000, with ten per cent., may have originated under the idea that $4000 was advanced by Miller, and the mistake does not accrue on account of this Stanly note.   Therefore, whether the amount be $3000 or $4000, it matters not:   I have alluded to this, in order to let the parties see it did not escape the revision of the court.

From what appears, then, there was manifestly a mistake in the calculation of the interest, at July 1st, 1839.  H. L. Boon paid more to John Miller than he was bound to pay, and the overpayment must be decreed to be repaid by Miller's executors.   It is the opinion of this court, that the overpayment made to Miller must bear the rate of interest calculated at the time by the parties, that is, ten per cent.

Looking, therefore, at the calculations made under the two exhibits, the one of the complainants, marked C., and the one to the answer of the executors of John Miller, marked A., we are enabled to come to a proper understanding of the extent and amount of this mistake.   Allowing compound interest on the amount put in by Miller, from the time it was invested, viz., 12th March, 1834, up to January 1st, 1837, and the sum is $3920.   At this day, 1st January, 1837, there was paid to Miller $3000, leaving then due $920.   Interest on this sum, at the same rate, up to the 27th June, 1839, is $248, making the principal and interest, at ten per cent., compounded yearly, amount to the sum of $1168, due by Boon at the date of settlement, 27th June, 1839.   Now, Boon paid, at the final settlement, Smith and Miller's note, for $1590, dated 1st February, 1839, amounting to $1630, interest included up to June 27th, 1839.   When this payment was made, there was due only $1168, leaving then the amount overpaid by Boon to Miller of $462, on that day ; which amount was afterwards increased by the payment of $36 more in 1840, making in all $498 overpaid by Boon to Miller, and which, from the time of payment, must be considered as so much money in John

Miller's hands, to be applied to the satisfaction of the Stanly note, and to be considered as a credit thereon, stopping interest from its payment to said Miller ; and the overplus of the payments made on that note, by William C. Boon, after the credits which should be placed thereon, by the amount overpaid as above by Hampton L. Boon to John Miller, must be repaid by the executors of John Miller to said William C. Boon ; and the note executed by Hampton L. Boon to John Miller, for the sum of $362 58, must be cancelled by said executors or be delivered to the complainants to be destroyed.

Hampton L. Boon being bound to pay the debt created by the Stanly note, and William C. Boon and others being his securities in this obligation, and Hampton having overpaid John Miller nearly five hundred dollars more than he was bound by the agreement of dissolution to pay, by reason of the mistake in the calculation of interest, this overpayment to John Miller must be considered as so much money, from the time of overpayment, in the hands of John Miller, to be applied to the payment of the Stanly note, and to be considered as a payment on same note from the date of the payment by Boon to Miller, to-wit, 27th June, 1839, of the sum of $462, and sometime in 1840, of the $36. These sums being placed to the Stanly debt, must stop the liability of H. L. Boon and his securities, to pay the several amounts from date.

It is also the opinion of this court, that the amount which William C. Boon has paid, as security for Hampton, on account of the Stanly debt, which exceeds the sum due on the Stanly debt after it (that is, the Stanly debt) shall be credited with the amount in John Miller's hands, overpaid to him by H. L. Boon, as above, shall be refunded, with six per cent. interest from the date of the payment thereof by said William C. Boon, by the executors of said John Miller, to the said William C. Boon ; and that the judgment now remaining unsatisfied, in favor of said John Miller v. William C. Boon and Hampton L. Boon, which was enjoined in this cause by the Circuit Court, be forever enjoined. That Hampton L.

Boon's note to John Miller, for the sum of $362 58, be delivered to be destroyed or cancelled. That the decree below be reversed, and this cause be remanded, with directions to the Circuit Court of Cooper county to enter a decree in the cause, in pursuance of the principles and directions here laid down—the other Judges concurring herein. ,