# THE SUPREME COURT

#### OF

## THE STATE OF MISSOURI,

MARCH TERM, 1872, AT ST. LOUIS.

[CONTINUED FROM VOL. XLIX.]

———————

JOHN E. C. WILSON, Appellant, *v.* BENJAMIN F. BOUGHTON *et al.*, Respondents.

1. *Practice — Res adjudicata.* — A matter once litigated or adjudicated cannot be reopened in another suit at law or in equity.
2. *Practice — Judgments — Correction of mistakes.* — A judgment cannot be corrected in a court of law after the term at which it was rendered.
3. *Equity — Correction of mistakes in judgments.* — Where a court of law makes a mistake in calculating the amount for which judgment should be given, equity will relieve against the mistake, even at a term subsequent to the entry of the judgment.

*Appeal from Jefferson Circuit Court.*

*Jos. J. Williams*, for appellant.

The petition sets forth a clear case of mistake, together with such a state of facts as show that the judgment rendered in the former case ought not to be allowed to operate as a bar to a

2—VOL. L.

recovery of the balance due on the note. (1 Sto. Eq., § 166; Boon *et al.* v. Miller's Ex'rs, 16 Mo. 457; see remarks of Lord Redesdale in Bateman v. Welloe, quoted in 10 Mo. 102.)

*Abner Green*, for respondents.

When a case has been once tried at law, and a party through a want of reasonable diligence has failed to obtain such judgment as he thinks he is entitled to, equity will leave him to bear the consequences of his own negligence. (1 Sto. Eq., § 146; 2 Sto. Eq., §§ 887, 896–7; Watson v. Field & Cathcart, 10 Mo. 100.)

Adams, Judge, delivered the opinion of the court.

The plaintiffs brought suit on a note against the defendants, to which no answer or defense was put in; and at the March term, 1870, a judgment by default was rendered against the defendants on this note for $405.55, when in truth the real amount then due, including the interest, was $507.80. The attorney who was attending to the case made a mistake in calculating the interest on the note, and when the case was called for judgment, the judge, without calculating the amount due, asked the attorney, who, being under a mistake himself, replied $405.55, and the judgment was rendered by mistake for that amount, when it should have been for $507.80. Most of the judgment has been paid. The mistake, it seems, was not discovered during the term, and the plaintiff brings this suit in the nature of a suit in equity to correct the alleged mistake by compelling the defendants to pay the amount that was left out of the judgment by mistake. The defendants demurred to the petition upon the ground that the court had no jurisdiction to grant any relief where there had been a mistake of that kind.

It is clearly established in this State that where a matter has been once litigated or adjudicated it cannot be reopened in another suit at law or in equity. Nor can error or mistake in a judgment be corrected in a court of law after the lapse of the term at which the judgment was rendered. (See Ashley v. Glas-

gow, 7 Mo. 320 ; Caldwell v. Lockridge, 9 Mo. 368 ; Hill v. City of St. Louis, 20 Mo. 584 : Smith v. Best, 42 Mo. 185.)

But conceding these principles to be correct, is there no remedy for a mistake of this kind, not discovered till after the lapse of the term when the judgment by default was made final ? It seems to have been an innocent mistake or oversight both in the counsel and the court. There is no dispute that the defendants justly owe the amount. If by sheer mistake of the court in calculating the interest, or in addition or otherwise, the court had rendered a judgment by default for $500 more than was due on the note, would the defendants be without redress in a court of equity ? It seems to me that they would have a clear right in such case to come into a court of equity to be relieved against the mistake. Is not the plaintiff entitled to the same remedy ? Courts of equity do relieve against mistakes in judgments, settlements, etc., and I think this is a case where such relief ought to be given. (See Boon v. Miller, 16 Mo. 457; 1 Sto. Eq., § 166.)

Let the judgment be reversed and the cause remanded. The other judges concur.