S. A. MICHIE, Respondent, v. NETTIE GRAINGER, Appellant.

Springfield Court of Appeals, July 7, 1910.

1. **ADMINISTRATION: Mistake: Recovering Money Paid to Distributee: Setting Aside Judgment of Final Settlement.** An administrator of an estate, after final settlement was made and the assets of the estate distributed to the beneficiaries, discovered that he had overlooked and omitted from the final settlement, an account that had been allowed against the estate. He paid the account and brought suit against the widow of his intestate, who had been paid one-half the estate on final distribution, the suit being to recover one-half the amount paid on this over-looked account. *Held,* that this action for contribution would not lie until the judgment of final settlement was set aside in a court of equity. *Held. further,* that the petition in this cause could be amended so as to have the final settlement corrected, and in this same suit a judgment could be secured for what the settlement, as corrected, shall show to be due from the defendant.

2. ———: **Judgment: Collateral Attack: Final Settlement: Setting Aside for Mistake.** A final settlement of an administrator made in accordance with the statute in force at the time, has the force and effect of a final judgment and is binding upon all parties interested, unless set aside or corrected, and can only be set aside or corrected for the same reasons that would warrant the same procedure under any other judgment. This rule applies to items omitted from the account, the same as to any other item, and such judgment cannot be collaterally attacked.

3. **JUDGMENTS: Administration: Final Settlement: Mistake.** Where an administrator makes a mistake in his final settlement, and pays too much money on final distribution, he must first proceed to set aside the judgment of final settlement before he can enforce contribution from the distributees.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Jere S. Gossom* for appellant.

(1)   The rule in this State is that no action can be brought against an heir, devisee, legatee or next of kin, on a claim or demand against the decedent which the creditor might have recovered from the executor or administrator. 2 Woerner's Amer. Law on Administration (2 Ed.), 1265, 1266; Titterington v. Hooker, 58 Mo. 593; Pearce v. Calhoun, 59 Mo. 274; Crowley v. McCrary, 45 Mo. App. 350. (2)   The decision of the probate court in allowing or disallowing a demand presented for allowance against an estate is a judgment, and is attended with all the legal consequences of a judgment of a court of record at common law, consequently if either party neglects to prosecute an appeal in the manner provided by the statute, the matter becomes *res adjudicata* and is forever closed.   Kelley's Probate Guide (2 Ed.), secs. 305, 352; McKinney's Adm'r v. Davis, 6 Mo. 501; Clark v. Bettelheim, 144 Mo. 258; Munday v. Leeper, 120 Mo. 417; Wilks v. Murphy, 19 Mo. App. 221; Woerner's Amer. Law of Adm'n (2 Ed.), 815, 816; Smith v. Sims, 79 Mo. 269. (3)   A final settlement is a judgment and conclusive upon all parties interested until set aside by a proper proceeding in equity.   This is too well settled to require the citation of authorities in support. 2 Woerner's Am. Law of Administration 1226, sec. 505; State ex rel. v. Gray, 106 Mo. 526; Caldwell v. Lockridge, 9 Mo. 362; Voshage v. Voshage, 45 Mo. App. 172; Lycan v. Miller, 56 Mo. App. 79; Cooper v. Duncan, 58 Mo. App. 5; State ex rel. v. Carroll, 101 Mo. App. 110.

*Ward & Collins* for respondent.

(1)   Where a court of equity takes jurisdiction of a case, it will make complete disposition of the same and adjust all the equities arising therein.   Keeton v. Spradling, 13 Mo. 321; Reyburn v. Mitchell, 106 Mo. 365; Lackland v. Smith, 5 Mo. App. 153. (2)   The

Bank of Caruthersville could have had an administration *de bonis non* appointed to have administered further upon this estate and if necessary to have administered upon the unadministered real estate and sell the same to pay off its demands, which had already been allowed, and to evade this unnecessary expense, respondent paid off this claim and should have contribution from this appellant. Laws of 1903, page 52; Ratliff v. Magee, 165 Mo. 461; Morehouse v. Ware, 78 Mo. 103; Howell v. Jump, 140 Mo. 441. (3) The doctrine does not rest upon contract but on the common obligation resting upon them and on the broad principles of justice where one has discharged a debt or obligation which others are equally bound with him to discharge and has thus removed the common burden, the others who have received an equal benefit ought in good conscience and equity refund to him a ratable proportion. 7 Am. and Eng. Ency. of Law (2 Ed.), 326; Van Petten v. Richardson, 68 Mo. 382; Dysart v. Crow, 170 Mo. 276; Roberts v. Best, 176 Mo. 67; Thomas v. Bridges, 73 Mo. 530.

COX, J.—R. F. Michie died in December, 1901, and left as his heirs his widow, Nettie Grainger, who is now the defendant in this action, and his brothers and sisters, to-wit: S. A. Michie, this plaintiff, Walter Michie, Guy Michie, William Michie, Cora Coleman and Maude Montague. This plaintiff was appointed administrator of his estate, and the defendant, his widow, elected under the statute to take one-half of the estate in lieu of dower. During the progress of administration certain notes, the property of the Bank of Caruthersville, were probated against this estate, amounting in the aggregate to $314.94. At the proper time plaintiff gave notice as required by law and made final settlement of the estate, and at this time he had on hand some considerable sums of money which, by order of the probate court, he distributed to the heirs of deceased, and the evidence shows that in all, this defendant was

paid about twelve hundred dollars. Afterward plaintiff discovered that in his final settlement he had omitted the item charged against him of $314.94, due the bank of Caruthersville. The bank demanded payment from him of this sum, and threatened suit upon his bond if it was not paid. Plaintiff then paid this amount to the Bank of Caruthersville and took an assignment of the notes to him, and as this defendant was entitled to, and had received one-half of the estate, he brought this suit against her, seeking to recover back from her one-half of the $314.94, to-wit: $157.47. Judgment rendered for him for this amount, and defendant has appealed.

The contention in this court is that the facts proven did not authorize the judgment in plaintiff's favor. It will be noted that plaintiff, as administrator of the estate of M. F. Michie, had made final settlement, paid out the money in accordance therewith, and had been finally discharged. The petition in this case seeks only to secure a money judgment against defendant for the amount erroneously paid to her. It does not seek to correct or set aside his final settlement as administrator of the Michie estate.

It is the settled law of this State that a final settlement of an administrator made in accordance with the statute in force at the time, has the force and effect of a final judgment, and is binding upon all parties interested until set aside or corrected, and can only be set aside or corrected for the same reasons that would warrant the same procedure under any other judgment. [State ex rel. Pountain v. Gray, 106 Mo. 526, 534, 17 S. W. 500; Munday v. Leeper, 120 Mo. 417, 419, 25 S. W. 381; May v. May, 189 Mo. 485, 501, 88 S. W. 75; Smith v. Hauger, 150 Mo. 437, 51 S. W. 1052; Patterson v. Booth, 103 Mo. 402, 15 S. W. 543.]

And the above rule applies to items omitted from the account the same as to any other items and such judgment cannot be collaterally attacked. [State ex

Michie v. Grainger.

rel. v. Roland, 25 Mo. 95; Patterson v. Booth, 103 Mo. 402, 419, 15 S. W. 543.]

This being true plaintiff is bound by this final settlement and cannot make a mistake therein, if there was one, the basis of an independent action; but before he can proceed to enforce contribution or repayment to him of money paid by reason of an error in his final settlement he must first proceed in a court of equity to set aside that settlement. [State ex rel. v. Carroll, 101 Mo. App. 110, 113, 74 S. W. 468.] Or he may, in a proper proceeding, have the final settlement corrected. [Boone v. Miller's Executor, 16 Mo. 457; Wilson v. Broughton, 50 Mo. 17; Case, Administrator v. Cunningham, 61 Mo. 434.]

The final settlement in this case may be corrected by a court of equity in an action for that purpose in which all the parties interested are made parties. If it be true as plaintiff offered to prove in this case that all the distributees of the estate of R. F. Michie, deceased, except this defendant have conceded the mistake and settled with plaintiff accordingly, then this plaintiff may, by amending his petition and alleging that fact, have the final settlement corrected in this case, and upon that being done plaintiff may also in the same case secure judgment for what the settlement, as corrected, shall show to be due him from defendant, but until this is done the judgment in this case cannot stand.

The judgment will be reversed and the cause remanded. All concur.