**HOUSEHOLD FINANCE CORPORATION, Plaintiff-Appellant,**

**v.**

**Charles E. AVERY and Wanda Avery, Defendants-Respondents.**

**No. 9147.**

Missouri Court of Appeals, Springfield District.

Jan. 28, 1972.

J. W. Grossenheider, Lebanon, for plaintiff-appellant.

Wm. C. Morgan, Waynesville, for defendants-respondents.

HOGAN, Judge.

Plaintiff filed this action in equity to correct a default judgment obtained in the Magistrate Court of Pulaski County. Defendants filed a motion to dismiss the petition upon the ground that it failed to state a claim upon which relief could be granted. The trial court granted the motion and the plaintiff has appealed.

Alleging its corporate existence and its authority to do business in this state, plaintiff set up in its petition that defendants had executed and delivered to plaintiff a promissory note, by the terms of which defendants promised to pay to plaintiff the sum of $2,016 in thirty-six monthly installments, and that the note further provided that default in the payment of any installment would render the whole sum due and payable in full.

Plaintiff further alleged that defendants defaulted and on November 13, 1970, plaintiff filed suit in the Magistrate Court of Pulaski County, ". . . and through a mistake of fact . . . listed the balance due from the defendants . . . as $673.-98 principal plus interest when in truth and in fact, the correct balance at said time due and payable . . . was $1547.01 plus interest thereon at the rate of 2.218% per month on $500.00 thereof from the 30th day of September, 1970, and 8% per annum on the balance . . . ."

The petition then sets out that on November 25, 1970, plaintiff obtained a de-

fault judgment against the defendants in the amount sued for ($673.98 plus interest) ". . . *and subsequently defendants paid the full amount of said judgment and costs which was accepted by the plaintiff.*" (Our emphasis.) Plaintiff then avers "[*t*]*hat at the time of the filing of the suit and at the time judgment was obtained and when payment of judgment was accepted* by the plaintiff, the *plaintiff was unaware that it had filed suit for the incorrect amount due to a clerical mistake . . . .*" (Our emphasis.) Plaintiff then avers that the correct balance due it from defendants is $1,021.58, plus interest as set forth above, and that it has no adequate remedy at law. The prayer is for judgment against defendants in the amount of $1,021.58, with interest according to the terms of the note. The only responsive pleading filed was defendants' bare motion to dismiss, substantially in the language of Rule 55.33.[1] After hearing argument, the trial court granted the motion, as indicated. The plaintiff did not ask leave to amend its petition, and the order dismissing the petition does so without specifying that the dismissal is without prejudice. The cause has therefore been adjudicated upon its merits and is before us for review as a final judgment. Parker v. Lowery, Mo., 446 S.W.2d 593 [1]; Travelers Indemnity Company v. Chumbley, Mo. App., 394 S.W.2d 418, 419 [1], 19 A.L.R.3d 1043, 1046.

The case has been briefed here in the most general terms, and some preliminary remarks seem appropriate. Neither party has sought to characterize the action; the plaintiff has contented itself with citing authorities holding generally that courts of equity have authority to grant relief against accident or mistake of fact where no gross negligence exists and the defendant has not worsened his position, and the defendant cites cases which hold that the party seeking relief must show that he acted prudently, without negligence or fault. The character of a cause of action must, of course, be determined from the facts stated in the petition and not by the prayer or the name given the action by the pleader, McClellan v. Highland Sales & Investment Co., Mo., 426 S.W.2d 74, 77 [1]; State ex rel. Conaway v. Consolidated School District No. 4 of Iron County, Mo., 417 S.W.2d 657, 659 [3], and from the facts pleaded it appears that the plaintiff seeks to have the judgment of the magistrate court corrected or reformed on the ground that it mistakenly computed the amount due it from the defendants when it filed suit, discovering its error after its claim had been litigated and after the judgment had been satisfied by payment. Without pursuing the matter at length, it appears that our courts have, in the past, corrected, reformed or even vacated judgments obtained through mistake of fact, when it has appeared that the mistake was not the result of the negligence or fault of the party complaining.[2] At the same time, though neither rule is rigid and inflexible, it is ordinarily true that when a valid and final personal judgment in an action for the recovery of money is rendered in favor of a plaintiff, plaintiff's cause of action is merged in the judgment and is extinguished,[3] and further, the voluntary payment of a money judg-

---

1. References to statutes and rules are to R.S.Mo. (1969), V.A.M.S. and V.A.M.R., unless otherwise specifically indicated.

2. See, e. g., Overton v. Overton, 327 Mo. 530, 37 S.W.2d 565 (decree in partition cancelled in part because defendant's land included by excusable mistake); Wilson v. Boughton, 50 Mo. 17, 19 (judgment "corrected" to include interest miscalculated by the court upon misinformation furnished by counsel); Michie v. Grainger, 149 Mo.App. 301, 129 S.W. 983 (suggesting that a final settlement in probate might be "corrected" to allow recovery for notes paid by mistake by the administrator); also see generally, 3 Freeman, Judgments, § 1246, pp. 2593–2595 (5th ed. 1925).

3. McQuerry v. Bank of Eldorado Springs, 230 Mo.App. 1215, 1223, 96 S.W.2d 515, 519 [4]; Wycoff v. Epworth Hotel Construction & Real Estate Co., 146 Mo.App. 554, 560, 125 S.W. 550, 551 [2]; Restatement, Judgments, § 47, p. 181, and § 62, Comment (d), p. 246 (1942).

ment by those primarily liable for the debt satisfies and extinguishes the judgment.[4] The question before us then is, assuming that *some* sort of equitable relief could be afforded plaintiff despite the pleaded merger and satisfaction of the judgment,[5] whether the plaintiff has pleaded facts which would justify vacating the satisfaction of the judgment and correcting or reforming it so as to allow additional recovery on the note.

We bear in mind that the petition was dismissed on defendants' bald motion to dismiss, that technical forms of pleading are not required, Rule 55.05, and that a petition should be held good as against a general motion to dismiss for failure to state a claim upon which relief can be granted if the averments of the petition, liberally construed, invoke substantive principles of law which entitle the plaintiff to relief. Mathews v. Pratt, Mo., 367 S.W.2d 632, 634 [1–3]; Slicer v. W. J. Menefee Const. Co., Mo., 270 S.W.2d 778, 780 [1]; Zuber v. Clarkson Const. Co., 363 Mo. 352, 355, 251 S.W.2d 52, 54 [1]. Nevertheless, a pleader may literally plead himself out of court, and when facts constituting a defense affirmatively appear upon the face of the petition, the defense may be interposed by motion to dismiss without the necessity of a specific motion or answer. Stone v. Cook, 179 Mo. 534, 548, 78 S.W. 801, 804; 41 Am.Jur. Pleading, § 212, p. 443. As the same principle is put by the Federal courts, a petition may be dismissed on motion if it is clearly without merit, and this lack of merit may consist of pleaded facts which will necessarily defeat the claim. DeLoach v. Crowley's Inc., 5 Cir., 128 F.2d 378, 380 [5]; Camero v. Kostos, D.C. New Jersey, 253 F.Supp. 331, 338 [8]; 2A Moore's Federal Practice, ¶ 12.08, p. 2271 (2d ed. 1968).

In the petition before us, the plaintiff in point of fact pleads prior adjudication of the very matter it now seeks to litigate, and voluntary satisfaction of the judgment rendered by those primarily liable. By way of avoidance, the plaintiff offers to prove that in November 1968 it made an ordinary installment loan to the defendants; that the defendants thereafter defaulted and that it elected to accelerate the date of maturity of its note and assert its right to full and immediate payment, but in doing so erroneously computed the amount due it from the defendants. There is no assertion that the terms of the note were unknown to the plaintiff, nor that the plaintiff lacked the means of calculating the amount actually due in the exercise of ordinary diligence and attention to the business at hand. The only facts further pleaded are that plaintiff remained unaware of its mistake in preparing its pleading, in taking judgment, and in accepting voluntary payment of the judgment by the defendants. As far as the record shows, plaintiff took no step whatever to rectify its error for nearly four months after the original judgment was rendered.

Assuming, as we have, that plaintiff's remedy lay in equity, and granting that a plaintiff seeking relief in equity on the ground of mistake is not in all circumstances held to the highest possible care and attention, Overton v. Overton, supra, 327 Mo. at 542, 37 S.W.2d at 568, still our courts have consistently held that where fraud, accident, surprise or mistake is asserted as a ground for equitable relief in an action upon a judgment, the plaintiff must come into court with a cause unmixed with his own fault, neglect or inattention to his case. Cantwell v. Johnson, 236 Mo. 575, 600, 139 S.W. 365, 374 [7]; Woodmen Acc. Co. v. Martin, Mo.App., 215 S.W. 775,

4. Phelps v. Scott, 325 Mo. 711, 722, 30 S.W.2d 71, 75 [3], 71 A.L.R. 290, 296; Schuchman v. Roberts, 234 Mo.App. 509, 517–518, 133 S.W.2d 1030, 1035 [8, 9]; Nelson v. Webster, 72 Neb. 332, 100 N.W. 411, 413, 68 L.R.A. 513, 523, 117 Am.St.Rep. 799.

5. See Cohen v. Camp, 46 Mo. 179, 180; Noah v. German Insurance Company, 78 Mo.App. 370, 373–374; Anno., 51 A.L.R. 243, 248–251 (1927), and cases cited marginally, note 2.

776–777 [1]; Engler v. Knoblaugh, 131 Mo.App. 481, 490–491, 110 S.W. 16, 20, and see generally, 3 Freeman, Judgments, § 1204, pp. 2500–2501. In our view, what was said in Woodmen Acc. Co. v. Martin, supra, 215 S.W. at 776, is appropriate here; the mistake pleaded and relied on cannot serve as a basis for equitable relief, since the error complained of was the direct result of plaintiff's own negligence and inattention. Since the defense which necessarily defeated the plaintiff's claim, i. e., res judicata or former adjudication, appeared upon the face of its petition and was a matter which could properly be raised upon motion to dismiss, Reis v. La Presto, Mo., 324 S.W.2d 648, 652 [1], we consider that the motion to dismiss was properly granted, and the judgment is affirmed.

TITUS, C. J., and STONE, J., concur.