GARNETT, Plaintiff in Error, *vs.* STACY, Defendant in Error.

1. A justice of the peace cannot be compelled by mandamus to alter the entry of a judgment upon his docket. *It seems,* that if the entry does not show whether the judgment was upon the merits or not, parol evidence would be admissible in a second suit on the same demand, to show the true character of the judgment, and thus avoid its éffect as a bar.

### *Error to Marion Circuit Court.*

*Richmond, Harrison & Hawkins,* for plaintiff in error. It is the province of superior courts to compel inferior tribunals, by mandamus, to perform ministerial acts. 10 Pick. 246. 3 Dallas, 42. 18 Pick. 446. By our constitution, circuit courts have a superintending control over justices of the peace. The petitioner does not ask that the justice be compelled to do a *judicial* act, but simply that he shall be made to enter on his docket a true statement of the judgment rendered by him as a justice. He is clerk of his own court, and may be compelled to correct a clerical error. The petitioner has no other remedy. He took no appeal, as none was necessary, had the proper entry been made on the docket, as he had a right to presume it would have been. If he should bring a second suit, the judgment, as it stands, might be pleaded in bar.

*T. Vanswearingen,* for defendant in error. The Circuit Court has no power to compel a justice, by mandamus, to alter the entry upon his docket of a judgment rendered by him in his judicial capacity. 10 Pick. 244. 11 ib. 189. 18 ib. 443. 18 Wend. 79. 20 ib. 658. 4 Mo. Rep. 289. An erroneous decision of an inferior tribunal cannot be revised by mandamus. A mandamus will lie to compel an adjudication, but not to correct it. 2 Bibb, 574. A mandamus will not lie where the party has any other remedy at law. 10 Wend. 293. 1 Cowen, 417. 4 Bacon's Abridg. 507, 510. Here the petitioner had a remedy by motion, and if that was denied, by appeal.

Scott, Judge, delivered the opinion of the court.

Garnett commenced an action against John O. Aydelott, before the above named Stacy, who was a justice of the peace in Miller township, Marion county. It appears from the justice's docket, that, on a trial between Garnett and Aydelott, the following entry was made: "Both parties appeared, and after hearing the testimony on behalf of the plaintiff, as well as the defendant, judgment for defendant for costs of suit expended." This was in November, 1848. On the 14th of November, 1851, Garnett applied to the Circuit Court of Marion county, for a mandamus on the justice to compel him to amend his docket, so as to make it appear that he was nonsuited, and not that there was a judgment on the merits against him. The application averred, that the suit was dismissed for the reason that it had been improperly brought on a copy of the note which was the foundation of it, and that the above entry was not made in the justice's docket until a long time after the cause had been disposed of ; far beyond the time allowed for an appeal. Stacy, the justice, denied all the allegations in the application for a mandamus, and maintained, that there was a fair trial of the cause between the parties on the merits, and that judgment was entered accordingly. Upon this answer, judgment was rendered for Stacy.

1. The statute authorizes the Circuit Courts to compel justices of the peace to perfect their returns after an appeal has been taken from a judgment. But, to permit a party, at any length of time after a trial, and when no appeal has been taken, to contradict the entries on a justice's docket, would be a very dangerous practice, and would destroy all confidence in the trials before those officers. A proper degree of diligence would have relieved Garnett from the consequences of the justice's conduct, even had it been as represented. It is better that a few should complain than that principles of law should be overturned, which are designed for the security of all. Had

the party applied for an appeal or for leave to withdraw his note within time, the grievance of which he complains could not have occurred; or, if there was any thing wrong in the entries of the justice, they would have been corrected without any difficulty. The law does not expect formal entries of judgments by justices. They are not sufficiently skilled to enter a judgment according to the rules prescribed for courts of record. No judgment, unless it is on the merits, bars a party from a second suit on the same demand. Where the judgment is entered in such a way as from its face it does not appear whether it was a judgment on a trial of the merits, or judgment of nonsuit, on a second trial evidence may be produced to show its real character. Such evidence does not contradict the record. On a second trial of the suit which has given rise to this controversy, the entry of the judgment is such as would admit proof of this kind. It does not appear whether the judgment was on the merits or on the question whether the suit was properly brought. *Taylor* v. *Larkin,* 12 Mo. Rep. 104. This would seem a much more appropriate remedy, where the circumstances will admit it, than a mandamus. It would be extremely hard on justices of the peace if, for every judgment they may render, they should, at any length of time afterwards, at their peril, be compelled to maintain their correctness.

The other judges concurring, the judgment will be affirmed.