## CARTER, Respondent, v. LOUISIANA PURCHASE EXPOSITION COMPANY, Appellant.

**St. Louis Court of Appeals, April 30, 1907.**

1. **PRACTICE: Timely Exception.** The appellate court cannot consider an error based upon the ruling of the trial court upon a motion to correct a judgment of the justice of the peace, where no exception was taken at the time the ruling was made.

2. **JURISDICTION: Circuit Courts Superintending Control of Justices: Transcript of Judgment.** Under the provisions of sections 4018 and 4019, Revised Statutes of 1899, the transcript of a judgment of a justice of the peace when filed in the office of the clerk of the circuit court, for many purposes has the same dignity as a judgment in the circuit court and is under control of such court; where a transcript had been filed of a judgment rendered by a justice of the peace in an action of replevin, the circuit court had jurisdiction to order the judgment modified so as to make it conform to the statute.

3. ———: ———: **Ministerial Function.** The superintending control possessed by circuit courts over justices of the peace permits a circuit court to direct a justice to correct an erroneous entry of a judgment so as to make it conform to the law, where it was erroneously entered by clerical mistake, because that is purely a ministerial function.

4. ———: ———: ———: **Justice Clerk.** The clerk of a justice of the peace is not an officer known to the law. His error is the error of the justice whose amanuensis he is.

5. ———: ———: **Not Limited by Other Remedies.** The superintending control which the circuit court has over justices of the peace in ministerial matters should be given free play by use of all available procedures. Its authority in such matters may be invoked without resort to the extraordinary remedies of prohibition, mandamus or certiorari, and notwithstanding there is remedy by appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Robt. M. Foster,* Judge.

AFFIRMED.

*Franklin Ferriss* and *N. S. Brown* for appellant.

(1) The circuit court, under its supervisory power, cannot compel a justice of the peace to alter his record. Dixon v. Judge, 4 Mo. *p. 286; Garnet v. Stacy, 17 Mo. 601; State ex rel. v. Walker, 85 Mo. App. 247; State ex rel. v. Klein, 140 Mo. 502; Lebetter v. Osborne, 66 N. Car. 379. (2) The power of superintending control vested in the circuit courts by virtue of section 23, article 6 of the Constitution, and by virtue of section 1674, subdivision 4, Revised Statutes 1899, must be exercised according to the usages and principles of law. It can be exercised only by use of appropriate common law writs and in accordance with common law principles. Railroad v. St. Louis, 92 Mo. 160; State ex rel. v. Fort, 107 Mo. App. 328; State ex rel. v. Johnson, 103 Wis. 591; Newson v. Chrisman, 9 Tex. 117. (3) The circuit court was without jurisdiction to issue its mandatory order on the justice of the peace in this cause, for the further reason that the motion upon which said order was predicated does not show, or allege, any request made of the said justice to correct the errors complained of, or any refusal of the justice to make such corrections. Nichols v. St. Louis Court, 1 Mo. 357; State ex rel. v. St. Louis Court, 41 Mo. 598; Brown on Jurisdiction, sec. 170; 19 Am. and Eng. Ency. of Law (2 Ed.), p. 759; State ex rel. v. Waller, 35 Mo. App. 680; State ex rel. v. Lesuerur, 136 Mo. 459. (4) If respondent felt himself aggrieved by the judgment as entered by the justice, his right of appeal afforded an ample and adequate remedy; and when such remedy is given, he cannot after the time allowed for appeal has elapsed, invoke the extraordinary supervisory power of the superior court. State ex rel.

v. County Court, 48 Mo. 475; State v. Lubke, 85 Mo. 338; State v. Smith, 107 Mo. 528; State ex rel. v. Flad, 108 Mo. 614.

*Henry W. Femmer* for respondent.

GOODE, J.—On April 17, 1905, plaintiff obtained judgment before a justice of the peace in the city of St. Louis in a replevin action, instituted without bond. The judgment was "against defendants for possession of the property or the assessed value thereof, $350, and $10 damages and for costs," and so plaintiff's motion states. On August 3, 1905, a transcript of said judgment was filed in the office of the clerk of the circuit court of the city of St. Louis. Afterwards plaintiff filed a motion in the circuit court for a rule on the justice ordering him to correct his judgment and record to conform to section 3917 of the Revised Statutes of 1899; also to have said judgment corrected in the circuit court to conform to law. As the replevin action was instituted without bond, the justice should have rendered judgment that the plaintiff recover the property and the damages assessed for its detention, with costs of suit, and, if the property could not be found, or at the discretion of the plaintiff, the latter should recover its assessed value, and the damages awarded, together with the costs of suit. [R. S. 1899, sec. 3917.] It will be perceived the judgment entry is for possession of the property or the assessed value thereof, $350, and $10 damages and costs. The mistake in the judgment entry was not due to the justice himself, who, in fact, ordered the proper judgment to be entered, but to the clerk of the justice. This appears from a written accord as to the facts, which was signed and submitted to the circuit court as evidence on the hearing of plaintiff's motion for the correction of the justice's record. This agreement concerning the facts reads:

"On the 17th day of April, 1905, the justice court

found the issue in favor of the plaintiff and against the
defendant and assessed the value of the property at three
hundred and fifty ($350) dollars, and the damages for
the taking and detention of the same at ten ($10) dol-
lars, and rendered judgment accordingly against the de-
fendant and in favor of plaintiff, in compliance with
section 3917, R. S. 1899. That the justice then and there
ordered his clerk to enter his said judgment on the rec-
ords kept by him for that purpose in accordance there-
with; that the clerk entered the judgment in the man-
ner set out in the foregoing motion."

After hearing the evidence on the motion the circuit
court ordered it sustained and that the justice correct
his said judgment in this: "Under section 3817 of the
Revised Statutes of the State of Missouri, the justice
shall render judgment that the plaintiff recover said
property and the damages assessed to-wit, the sum of
ten ($10) dollars, with the cost of suit, and that if said
property shall not be found, or at the discretion of the
plaintiff, he shall recover the assessed value of said prop-
erty, to-wit, the sum of three hundred and fifty ($350)
dollars, with damages assessed and costs of suit." No
exception was saved to said order, but subsequently a
motion to set it aside was filed. This motion recited that
the transcript was not filed in the circuit court on appeal
from the justice of the peace, but was filed under section
4018 of the Revised Statutes of 1899; that the order of
the circuit court on the justice was one to correct his
judgment, or his record, to conform to the law as set out
in section 3917 of the statutes controlling the force of
judgments in replevin actions, and also to correct the
judgment in the circuit court to conform to law. As a
reason why the circuit court was asked to vacate its or-
der on the justice, the motion of defendants stated that
the same was contrary to law and the circuit court had
no jurisdiction to make an order on the justice of the
peace directing him to correct, change and modify any

judgment entered of record by him.  The motion to vacate the order for the correction of the justice's judgment was overruled, an exception taken to the ruling and preserved in a bill of exceptions, and this appeal prosecuted.

As no exception was saved to the ruling on plaintiff's motion for the correction of the judgment, we are precluded from passing on the propriety of said ruling unless, on the entire record, the court was without jurisdiction to make it.  Saving an exception to the motion filed to set aside the order, was of no effect if an exception was not taken when the original order was made. [St. Louis v. Brooks, 107 Mo. 380, 18 S. W. 22; Dopkins v. Hitchcock, 86 Mo. 231; Holladay-Klotz L. & L. Co. v. Moss Tie Co., 96 Mo. App. 87, 75 S. W. 1121; Welsh v. Monks, 12 Mo. App. 579.] Counsel for defendants say the court was without power to make such an order, without power in the jurisdictional sense.  No doubt the circuit court proceeded on the theory that in the exercise of its superintending control over inferior courts, it possessed the power.  It is provided by section 23 of article 6 of the Constitution, that circuit courts shall exercise a superintending control over all inferior courts, including justices of the peace, in their respective circuits.  In furtherance of this grant of power, the statutes provide that, besides having jurisdiction on appeal from judgments and orders of inferior courts and justices of the peace, the circuit court shall possess superintending control over them.  [R. S. 1899, sec. 1674.] We need not determine whether those laws are authority for the circuit court's action, for statutes bearing more directly on the question are in force.  These are the sections providing for the filing of a certified transcript of any judgment recovered before a justice of the peace, in the office of the clerk of the circuit court in the county where the judgment was rendered, and fixing the status of the judgment after the transcript

is filed. Said statutes declare that thereafter, the judgment shall have the same lien on the estate of the defendant as is given to judgments of the circuit court, shall be under the control of the court where the transcript is filed, may be revived and carried into effect in like manner as judgments in circuit courts and executions may be issued thereon and directed to any county in this State. [R. S. 1899, secs. 4018, 4019.] In view of those provisions it has been said that, for many purposes, the transcript, when filed in the office of the clerk of the circuit court, has the same dignity as its own judgment and is under its control. [Carpenter v. King, 42 Mo. 219, 223.] And again it has been ruled that after the filing of a transcript, the circuit court has jurisdiction, not only to recall an execution issued on the judgment, but to set aside the judgment itself. This was ruled in a case wherein a justice had rendered judgment against a married woman on the theory that she had a separate equitable estate which she had charged with the note in suit; whereas the note was void, she having no such estate. A transcript having been filed in the office of the St. Louis Land Court, and an execution issued from the office of the clerk, said court, on motion, recalled the execution and set the judgment aside. [Bauer v. Bauer, 40 Mo. 61.] The decision in Babb v. Bruere, 23 Mo. App. 604, is relied on by plaintiff's counsel to support the proposition that the ruling below is authorized by section 4019 of the statutes. A judgment had been rendered by a justice of the peace, a transcript filed in the office of the clerk of the circuit court and an execution issued from said office. Thereupon a motion was filed to set aside the execution on the ground that the transcript showed the judgment was void because the justice was without jurisdiction or power to render it, as the action was prosecuted against the defendant for an antenuptial debt of his wife, without joining her as defendant. The judgment against the hus-

band was held to be erroneous and unlawful in that it was a general judgment against the husband; whereas, it should have been so entered as to allow the plaintiff to have execution only against such property as he might have acquired from his wife, as the statutes exempted the individual property of the husband from liability for antenuptial debts of the wife. [Act of March 25, 1881, Laws 1881, p. 161.] The circuit court refused the husband's motion for a recall of the execution issued on the transcript and an appeal was taken to this court, which, in disposing of the question, held the power given the circuit court by section 2999 of the Revised Statutes of 1879 (section 4019, R. S. 1899) "is large enough to enable the court so to modify the judgment as to make it conform to the law, and we accordingly reverse the judgment and remand the cause to the circuit court with directions to recall and quash the execution, and, if the plaintiff shall so elect, to modify the judgment of the justice by an order of record, so as to allow the plaintiff to have execution thereon against such property only as the defendant may have acquired from his wife, as prescribed by the act of 1881." The two decisions last cited hold section 4019 of the statutes empowers the circuit court to alter the judgment of a justice of the peace given contrary to law, so as to make it conform to the law. In the present case the statute prescribes the form of judgment the justice should have entered on finding the issues for the plaintiff and that the property was in the possession of the defendants. The justice should have followed the statute in framing his judgment and, according to the agreed statement, did follow it; but his clerk wrote an entry on the docket showing a judgment different from the one rendered. This was a misprision of the clerk and an irregularity which, if it had occurred in the circuit court, would have been subject to correction, on motion, within three years. [Stacker v. Circuit Court, 25 Mo. 401; Harkness, Admr.,

v. Austin, 60 Mo. 351.] As the circuit court is held in the cases supra (Bauer v. Bauer and Babb v. Bruere) to have power to modify a justice's judgment after transcript is filed, as it may its own judgments, it follows that the circuit court might have made the correction it ordered the justice to make. Hence, so far as the subject-matter is concerned, it was within the jurisdiction of the circuit court. But defendants' counsel contend that, even conceding the foregoing proposition, the order was in excess of the power of the circuit court, because it was not an order of said court correcting the judgment, but one commanding the justice, who was not before the court, to correct it, and was an attempt to control a judicial act of the justice. In view of the admitted fact that the erroneous entry was due to a clerical mistake, the order for the correction of the judgment entry was for the performance of a purely ministerial duty—one not involving discretion or the exercise of judicial power by the justice. No one will contend that the circuit court, as a superintending tribunal, can either direct the decisions of a justice of the peace, or make him alter his docket to show a judgment was given which had not been given, and possibly he could not be ordered to change a docket entry showing a judgment which might properly have been given, on proof, *in pais,* that the one actually given was different. The cases relied on by counsel for defendants go no further, at most, than to maintain those propositions. [State ex rel. v. Walker, 85 Mo. 247; Garnett v. Stacy, 17 Mo. 601.] The error of the clerk in the cause at bar falls inside the sphere of other legal doctrines. When we speak of a justice's clerk, we refer, of course, to no officer known to the law, but merely to an amanuensis of the justice. A justice of the peace is regarded as his own clerk, and in making entries on his docket he acts in a ministerial capacity. [High, Ex. Rem. (3 Ed.), sec. 241.] Superior courts, on motion, and by rules or orders, command

the performance of ministerial duties by officials, and
this usage has prevailed time out of mind.    It is an
everyday occurrence for courts to grant rules on justices
of the peace and clerks of inferior courts, to perfect their
transcripts, send up complete records, or do other min-
isterial acts.    [State v. Howell, 117 Mo. 307, 23 S. W.
263; Sweet v. Overseers, 3 Johnson 23; State v. Reed,
1 Dev. & Bat. 377; State v. Collins, 3 Dev. 117; Brown
v. Osborn, 1 Blackf. 32; Smick v. Opdyke, 12 N. J. L.
85; Stewart v. Ingle, 22 U. S. 526; People ex rel. v.
Court of Appeals, 51 L. R. A. 105; see, too, note c, page
110.]    These orders are made in causes, the parties to
which are before the court, but frequently are ex parte
in the sense that the officials to whom they are directed
have not been served previously with process.    In fact
they are treated as process to him and he may show
cause, if he can, against obeying the order.    [15 Ency.
Plead. and Prac., 362.]    They are in the nature of writs
of certiorari, though perhaps, technically speaking, they
are not such; for certiorari is intended to bring up the
whole record of a cause pending or heard in a lower
court, to be reviewed; whereas those orders are made
while the cause is pending on appeal, if the record is
shown to be faulty.    We can conceive of no duty more
purely ministerial than the correction of the entry in
question, to make it show the judgment the justice had
given and the only one he lawfully could give.    It was
said in Doan v. Holly, 27 Mo. 256, that "where a judg-
ment is illegally obtained against the provision of a
statute or the rules of a court, a party is entitled to have
it set aside without showing any merits."    So where a
judgment was given against sureties on a bond in excess
of the amount of the bond, it was held this might be
corrected on motion after the term.    [Schowles v. Free-
man, 81 Mo. 540.]    The definition of a rule or order,
which are synonymous terms, includes commands to
lower courts or court officials, to do ministerial acts.

[24 Am. and Eng. Ency. Law, 1016.] See regarding orders and rules to inferior courts and court officials, when acting oppressively or irregularly, 1 Tidd's Practice (4 Am. Ed.), *479. This matter of the superintendence of inferior tribunals by superior courts is dealt with more extensively in a note to State ex rel. Bank v. Johnson, 51 L. R. A. 33, than in any other book we have seen. It is contended on the present appeal that such supervision and control can only be exercised through the writs of prohibition, mandamus and certiorari, the old extraordinary common law writs; but the conclusion reached by the annotator, on a review of the authorities, does not bear out this proposition. We find at the close of the note the following statement of the law:

"The constitutional or statutory grant of superintending control comprehends and carries with it the power and authority to issue all writs and other processes essential to its complete exercise. . . .

"As is often stated in the decisions, the power of superintending control is an extraordinary power. It is hampered by no specific rules or means for its exercise. It is so general and comprehensive that its complete and full extent and use have practically hitherto not been fully and completely known and exemplified. It is unlimited, being bounded only by the exigencies which call for its exercise. As new instances of these occur it will be found able to cope with them. And, if required, the tribunals having authority to exercise it will, by virtue of it, possess the power to invent, frame and formulate new and additional means, writs and processes whereby it may be exerted."

In our opinion the superintending power of superior tribunals in ministerial matters, ought to be given free play by the use of all available agencies and procedures which can be resorted to without prejudice to the rights of litigants.

But it is said the relief granted was improper be-

cause plaintiff's remedy for the erroneous entry was by appeal. This argument runs counter to the decisions in Bauer v. Bauer and Babb v. Bruere, supra, wherein the right of appeal was not taken as precluding the circuit court from correcting the judgments after transcript filed. Indeed an appeal would have been an inadequate remedy, as the plaintiff would have lost the benefit of the judgment obtained before the justice and been forced to a trial anew in the circuit court. Perhaps in strictness of procedure, equity would need to be invoked to make the entry speak the truth. But in view of the unquestionable power of the circuit court, under the cases supra, to correct the justice's judgment by its own order, we conclude reversible error was not committed in ordering the justice to do so.

The judgment is affirmed. All concur.