## STATE ex rel. WILLIAM W. GARDINER, Relator, v. GUSTAVUS A. WURDEMAN, Judge, Respondent.

### St. Louis Court of Appeals, November 2, 1915.

1. **PROHIBITION: Preliminary Rule: Time of Issuance.** An order made by a circuit court directing a justice of the peace to correct the entries of judgments rendered by his predecessor, to conform to the transcript certified by his predecessor and filed in the office of the circuit clerk, was an assertion of its jurisdiction and authority to issue the rule upon the justice, so that, if that court was without jurisdiction to issue a final order against the justice, a preliminary rule in prohibition was not prematurely issued.

2. **JUSTICES' COURTS: Judgments: Correction by Circuit Court: Jurisdiction.** Section 7528, R. S. 1909, providing that, from the time of the filing of a transcript of a judgment of a justice of the peace in the office of the circuit clerk, it shall be under the control of the court where the transcript is filed, does not apply to a so-called transcript of a justice's judgment which shows the rendition of judgment for a certain amount, whereas the amount of the judgment is left blank in the justice's docket entries, so as to authorize the circuit court to order the justice to correct his docket entries to conform to the so-called transcript, since there can be no transcript of a judgment which has never been entered; and Sec. 23, Art. 6 of the Constitution and Sec. 3956, R. S. 1909, giving circuit courts superintending control over justices of the peace, does not empower the circuit court to order a justice to make a correction or amendment of his predecessor's entries of judgment so as to make them conform to the judgment as rendered or to the so-called transcript filed in the office of the circuit clerk.

3. ————: ————: **Verity.** Judgments rendered by justices of the peace speak for themselves as entered and import verity.

4. ————: ————: **Amendment.** To insert in the judgment of a justice of the peace an amount in dollars and cents in place of a blank left therein would be to amend or correct the judgment.

### Original Proceeding. Prohibition.

RULE MADE ABSOLUTE.

192 App. 42

*Stern & Hoberman* for relator.

*R. H. Stevens* and *Joseph C. McAtee* for respondent.

ALLEN, J.—This is an original proceeding in this court, in prohibition, the object thereof being to prohibit the respondent, Hon. Gustavus A. Wurdeman, Judge of Division No. 2 of the circuit court of the county of St. Louis, from proceeding further with a certain matter pending before said court, upon the ground that respondent, as such judge, is therein undertaking to act in excess of his jurisdiction in the premises.

On June 9, 1915, the St. Louis & San Francisco Railway Company filed a motion in the office of the clerk of the circuit court of St. Louis county, which was assigned to said Division No. 2 of said circuit court, presided over by the respondent herein. This motion sets up that on August 10, 1910, the St. Louis & San Francisco Railway Company instituted against relator and one Olive Gardiner three suits before one A. H. Werremeyer, then a justice of the peace in and for Central Township of St. Louis county, each founded upon a promissory note, for the sum of $300, executed by the defendants therein, said suits being numbered 126, 127 and 128 respectively on the justice's docket; that on October 18, 1910, the said railway company filed a fourth suit before said justice of the peace against the same defendants, on a like promissory note for $300, being numbered 202 on the justice's docket; that thereafter judgment was rendered against the defendants in each of said suits by default, for the sum of $300 and certain accrued interest, i. e., that in suit No. 126 judgment was rendered for $312, in suit No. 127 for $309, in suit No. 128 for $306, in suit No. 202 for $302. The motion then avers, as to each of said suits, that "said justice failed to enter in his docket the judg-

ment so rendered, all of which will appear by a transcript of said docket herewith filed;" "that plaintiff ordered the said A. H. Werremeyer to file a transcript of said judgment in the office of the clerk of the circuit court of St. Louis county, which he did showing the full amount of said judgment with interest included and costs . . . and did thereafter at the request of plaintiff issue execution on said judgment showing therein the amount found to be due to plaintiff in the sum of three hundred dollars, and accrued interest and costs as hereinbefore stated." And it is averred that the term of A. H. Werremeyer, as justice of the peace, "expired at the general election of 1914, and L. F. Matthews was duly qualified as his successor, and has since qualified and is now acting as such, and has succeeded in charge of the docket of said Werremeyer and of the records in this case."

The transcripts of the proceedings before the justice, attached to the motion aforesaid, show the judgments in said suits actually entered by the justice on his docket. In the first three, Nos. 126, 127 and 128, the judgments were entered on September 3, 1910, while in the suit last filed No. 202, the judgment was entered on November 1, 1910.

In suit No. 126 the justice's entry of judgment recited that he found for plaintiff "in the sum of $3 interest included;" and that it was thereupon adjudged that the plaintiff recover of the defendant "the said sum of $3 so found to be due as aforesaid, together with certain costs herein expended and taxed at $  ."

In suit No. 127 the justice's entry of judgment likewise recited that he found for plaintiff "in the sum of $3   interest included;" but that it was adjudged that the plaintiff recover of the defendants "the said sum of $30 so found to be due as aforesaid," with its costs "taxes at $

In suit No. 128 the justice's entry of judgment recited that he found for the plaintiff "in the sum of $  ," and that it was adjudged that the plaintiff recover of the defendants "the said sum of $  so found to be due as aforesaid," together with its costs "taxed at $  ."

In suit No. 202, the entry of judgment recited that the justice found "for the plaintiff in the sum of $  interest accrued;" and that it was adjudged "that the plaintiff recover of the defendants the said sum of $3  , so found to be due as aforesaid," together with costs "taxed at $7.15."

As to each of the judgments, separately, the motion prays for a rule on said L. F. Matthews, as justice of the peace, and as the successor in office of the said Werremeyer, "ordering him to correct and enter said judgment, rendered by said A. H. Werremeyer, justice as aforesaid, as by the statute in such cases made and provided, and to conform to the transcript certified by the said A. H. Werremeyer and filed in the office of the clerk of the circuit court of St. Louis county, Missouri."

This motion coming on to be heard, respondent, in the capacity of judge as aforesaid, ordered that the same be "sustained," and issued an order upon Justice Matthews to appear in court on a day named, and then and there show cause, if any he had, "why the docket entries of his immediate predecessor in office, A. H. Werremeyer, in cases Nos. 126, 127, 128, 202 should not be corrected so as to show the judgments actually rendered by said justice." Thereupon relator applied to this court and was granted a preliminary rule in prohibition directed to respondent.

It is unnecessary to notice the pleadings further than to say that the return, *inter alia,* avers that the motion in question had not been acted upon by respondent judge "further than presentation of the motion and the issuance of an order upon said L. F. Matthews to show cause at a specified time fixed in said order;" and

that under and by virtue of the Constitution and statutes of this State respondent is vested with and possessed. of full and complete jurisdiction to hear and determine the motion.

I. The argument that the circuit court had not proceeded sufficiently far in the premises to warrant the issuance of our writ of prohibition cannot be sustained. The court's order constituted an assertion of jurisdiction and authority on its part to issue a rule upon Justice Matthews commanding him to "correct" the judgments as prayed. There can be no doubt that the court asserted jurisdiction in the premises, and was proceeding to grant the relief prayed for in the motion. And if the court was without jurisdiction to issue a final order upon the justice as prayed, our preliminary rule in prohibition was not prematurely issued.

II. Learned counsel for respondent invokes section 23 of article VI of the Constitution and section 3956, Revised Statutes 1909, giving circuit courts "superintending control" over justices of the peace, in support of the contention that the circuit court was here vested with jurisdiction to grant the prayer of the motion. Respondent also relies upon section 7528, Revised Statutes 1909, which provides that from the time of the filing of a transcript of a judgment of a justice of the peace in the office of the circuit clerk, the same shall be a lien upon the real estate of the defendant situated in the county, "and shall be under the control of the court where the transcript is filed;" but this section, in our judgment, can have no influence here, for the reason that no transcripts of the judgments appear to have been filed, within the meaning of this section. The transcripts said to have been filed by Werremeyer, at the instance of the plaintiff in the actions, are not true transcripts of the justice's docket entries, as appears by the allegations of the motion. It is averred that these transcripts show the full amounts of

the judgments which it is claimed were rendered but not entered, i. e., $300 with interest and costs in each case. Section 7528 contemplates the filing of a transcript of the entries of the justice. Manifestly there can be no such thing as a "transcript" of a judgment which has never been entered, and which therefore cannot be transcribed.

While circuit courts, by virtue of the constitutional provisions aforesaid, possess a certain superintending control over justices of the peace, and over other inferior tribunals as well, we have been pointed to no authority which, in our opinion, sustains the position of respondent herein. While this court has sanctioned the view that this superintending control is not confined within narrow limits (see Carter v. Exposition Co., 124 Mo. App. 530, 102 S. W. 6), we cannot believe that a circuit court is thereby vested with power to order a justice of the peace to make such a correction or amendment of his entry of judgment as is prayed for by this motion. In the case last cited it was held that the circuit court had power to correct a judgment of a justice of the peace in an action of replevin, in order to make the judgment conform to the form prescribed by statute in such cases. The judgment had been inadvertently entered by the justice's clerk in a form other than that definitely prescribed by law for such judgments; and it was held that under the superintending power and the control over the judgment given by section 7528, supra—a transcript thereof having been filed in the circuit clerk's office—the circuit court could cause the judgment to be amended, to make it conform to the law. Neither that case nor those cited in support of the conclusions there reached can be said to be authority for contention of respondent's counsel herein.

And in the Carter case, it is said by GOODE, J.:

"No one will contend that the circuit court, as a superintending tribunal, can either direct the decisions

of a justice of the peace, or make him alter his docket to show a judgment was given which had not been given, and possibly he could not be ordered to change a docket showing a judgment which might properly have been given, on proof, *in pais,* that the one actually given was different.''

In Taylor v. Larken, 12 Mo. 103, cited by counsel for respondent, the judgment entered by the justice was ambiguous on its face, i. e., as to whether it was a judgment for defendant on the merits or one of nonsuit. In a subsequent action by plaintiff on the same demand, wherein the former judgment was pleaded in bar, it was held that the judgment could be explained by extrinsic evidence. That case is not here in point; for there is no question here as to the character of the judgments entered. [And see Garnett v. Stacey, 17 Mo. 601.]

In Drake v. Bagley, 69 Mo. App. 39, it was held that a justice could enter a judgment more than two years after the rendition thereof, though his term had expired, he having been re-elected to the same office. The evidence was that the justice had rendered judgment, making a memorandum thereof upon an envelope enclosing the papers in the case, but failed to make any formal entry thereof at the time. This, it was held, he could do after the lapse of more than two years, if no one was prejudiced by the delay. We are not called upon to express an opinion as to the correctness of the conclusion reached. The case before us is not one where the justice failed to enter a judgment in his docket. Judgments were in fact entered, and it is now sought to have the record entries thereof altered to conform to a ''transcript'' subsequently filed in the office of the clerk of the circuit court, purporting to show the judgments rendered.

The case is one in truth where judgments were entered by a justice of the peace nearly five years prior to the commencement of the proceeding sought to be

prohibited. The judgments in fact have never been revived, but that is not material here. These judgments are for certain specified amounts, with the exception of one wherein the amount is left in blank. It is true that in the justice's docket spaces occur following the amounts named in the three judgments wherein amounts appear; and it is argued that the justice actually rendered judgment in each case for more than $300 and left these spaces in which to insert the true amount when the interest had been properly computed. But be this as it may, these judgments, as entered, speak for themselves and import verity. The doctrine asserted to the effect that the circuit court may now order them to be tampered with, upon the theory that the justice intended to enter judgment in amounts different from those appearing on the face to the record entries, or to make them conform to "transcripts" purporting to show that different judgments were in fact rendered, is a most pernicious and dangerous one. As is said in Garnett v. Stacey, supra: "To permit a party, at any length of time after a trial, and when no appeal has been taken, to contradict the entries on a justice's docket, would be a very dangerous practice, and would destroy all confidence in the trials before those officers."

It is argued that the St. Louis & San Francisco Railway Company is not seeking to have the judgments amended, but to have judgments entered which were in fact rendered at the time but which the justice failed to enter. But this theory is not tenable under the record before us showing that judgments were actually entered in the cases in question. Had no judgments been entered, a different case would be presented; one as to which we now express no opinion. It is true that in one of these judgments the amount is left in blank. But to now insert therein an amount in dollars and cents would be to amend or correct the judgment. [Williams v. Walton, 84 Mo. App. 433.]

The circuit court could not alter a judgment of its own, after the lapse of the term, upon evidence *in pais*. And to say that as a superintending tribunal it may order the amounts of these judgments to be changed, upon proof that the justice intended to enter different judgments, after the lapse of nearly five years, and this too after the term of the justice had expired, by a rule upon his successor in office, would be to announce a most extraordinary doctrine and one to which we are unwilling to lend our sanction. The cases in question were within the jurisdiction of the justice of the peace. The judgments rendered are neither in form nor substance contrary to law, as in Carter v. Exposition Co., supra, and cases there relied upon. The only change sought to be made in them is in respect to the amount of each judgment.

We are of the opinion that the respondent is without jurisdiction to make an order requiring them to be so altered. Though the plaintiff in these actions suffer loss by the neglect of the justice to enter such judgments as he should have entered, rules of law designed for the security and protection of the rights of litigants in general cannot, on this account, be sacrificed or distorted.

Our preliminary rule in prohibition will therefore be made absolute, and writ awarded accordingly. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.