STATE EX REL. AUTO FINANCE COMPANY, A CORPORATION, RELATOR, v. HON. FRANK LANDWEHR, JUDGE OF THE CIRCUIT COURT OF THE CITY OF ST. LOUIS, RESPONDENT.—71 S. W. (2d) 144.

St. Louis Court of Appeals. Opinion filed April 20, 1934.

1222

*Harry F. Russell* and *Henry Hinkle* for relator.

*Alvin A. Wolff* for respondent.

BENNICK, C.—This is an original proceeding in prohibition which has been instituted in this court at the relation of the Auto Finance Company, a corporation, and is directed to Hon. Frank Landwehr as Judge of the Circuit Court of the City of St. Louis, and presently assigned to Division 1 of said court.

There is pending before the justice's court for the third district of the City of St. Louis an action in replevin wherein one Sam Schoenholtz is the plaintiff, and relator the defendant. During the pendency of said cause in the justice's court, plaintiff filed in the circuit court his motion, calling the circuit court's attention to the pendency of the cause in the justice's court, and reciting that the defendant therein had in its possession or under its control certain books and papers relating to the transactions between plaintiff and defendant; that the said books and papers contained evidence relating to the merits of the cause for trial; and that plaintiff could not adequately prepare for trial without an inspection of said books and papers. The prayer was for the circuit court to make an order upon the defendant, Auto Finance Company, to permit plaintiff and his attorney to inspect and take copies of said documents and papers.

In other words, upon the theory (tacitly conceded) that the justice himself is without the power to make the order in question, the plaintiff in the cause pending in the justice's court has petitioned the Circuit Court of the City of St. Louis, as the court having appellate jurisdiction over the particular justice's court, to make the order for the inspection of the books and papers of the defendant in the cause, the order, if made, not to be directed to the justice, but to relator personally as the defendant in the cause.

Under the rules of the circuit court, the motion in question was set down for a hearing before respondent as the judge now presiding over the assignment division of the court; and it is conceded that the motion has been heretofore taken as submitted, and that respondent has indicated his intention to sustain the same unless prevented from so doing by the order of this court. Relator avers that the order is one beyond the power and jurisdiction of respondent to make; and such, of course, is the basis of its petition for relief by prohibition at our hands.

By way of clarifying the issues, it may be stated at the outset that counsel for respondent makes no claim that the particular motion to inspect falls within the purview of Section 928, Revised Statutes 1929 (Mo. St. Ann., sec. 928, p. 1205), which, as a part of our general code of civil procedure, makes provision for the filing and allowance of a motion of such general purport under the circumstances fixed by the statute. This undoubtedly for the reason that the power to grant the motion is restricted by the statute to the court before which an action is pending, and thus makes no provision for one court to grant such a motion as incidental to a cause pending in some other court; and likewise for the reason that a justice's court is one possessed of limited and statutory jurisdiction only, and consequently without jurisdiction to exercise a power not expressly vested in it.

What counsel for respondent does argue, however, is that respondent's right to sustain the motion is derived from Article 6, Section 23, of the Constitution of Missouri (Const., Art. 6, sec. 23, p. 610), the same providing that "the circuit court shall exercise a superintending control over criminal courts, probate courts, county courts, municipal corporation courts, justices of the peace, and all inferior tribunals in each county in their respective circuits." While counsel does not do so, he might also argue with equal propriety that the court's indicated action might equally be sustained, if at all, by virtue of Section 1938, Revised Statutes 1929 (Mo. St. Ann., sec. 1938, p. 2605), which invests circuit courts in the respective counties in which they may be held with a superintending control over county courts, probate courts, and justices of the peace. Our task, therefore, is to determine what is meant by the term "superintending control," as the same is used in the constitution and statute referred to, and whether or not the right of superintending control given circuit courts over justices of the peace could serve to warrant respondent's indication that he intends to sustain the motion in question in this proceeding.

Now the power of supervisory or superintending control which is vested by the constitution in the circuit courts over courts and tribunals of inferior jurisdiction is of ancient inception, and relates back to and has its origin in the power exercised by the King's bench in England, which originally comprehended not only supervision and control over all inferior judicial tribunals by the exercise of an appellate jurisdiction, but also the power to issue extraordinary legal writs with a view to compelling such inferior tribunals to act within their jurisdiction, and thus to prohibit them from acting outside of or in excess of their jurisdiction. As such supervisory control came into exercise by the courts of the colonies, the power of review by appeal or error came to be regarded as separate and distinct from the power exercised pursuant to the established extraordinary legal remedies, so that it is now the latter power which is commonly and generally regarded as falling within the contemplation of the constitutional provision for superintending control, the same to be exercised as a discretionary authority, and under extraordinary circumstances when the remedy by appeal or error is inadequate.

For an instructive and comprehensive discussion of the subject, the reader is referred to the notes in 51 L. R. A. 33, and 20 L. R. A. (N. S.) 942, where the cases dealing with the question have been collated, along with an introductory discussion of the origin and development of the power of supervisory jurisdiction of superior over inferior tribunals. The relation of the constitutional recognition of the power of superintending control to the general common-law jurisdiction of circuit courts is likewise taken note of by our Supreme

Court in State ex rel. v. Hall, 282 Mo. 425, 221 S. W. 708, where the subject is briefly discussed in the light of the underlying nature of our State constitution as a limitation upon rather than as a grant of power.

So it is apparent that in its truest sense the exercise of the power of superintending control has to do with the matter of keeping an inferior tribunal within the bounds of its jurisdiction by the issuance of the old extraordinary common-law writs of prohibition, mandamus, *certiorari*, and the like, yet it must also be conceded that in the development of our scheme of jurisprudence the power has been held to include the authority to issue other writs, processes, and orders essential to the complete exercise of the power, and relating to matters quite outside any question of jurisdiction. However, in the exercise of the power of superintending control by the superior courts of this State, as in most States, when it is to be resorted to for an authority over and above that comprehended by the ordinary common-law writs, it would seem that it extends only to the matter of compelling the proper performance of purely ministerial duties, and not to matters involving discretion or the exercise of a judicial power. [Carter v. Louisiana Purchase Exposition Co., 124 Mo. App. 530, 537, 102 S. W. 6; State ex rel. v. Wurdeman, 192 Mo. App. 657, 662, 179 S. W. 964; Tyree v. Midwest Envelope Co., 215 Mo. App. 630, 639, 258 S. W. 717.]

With the nature of and purpose to be served by the power of superintending control of superior over inferior tribunals thus understood and appreciated, it becomes obvious, we think, that the same furnishes no authority for respondent to make the order which he has expressed his intention of making in the instance under consideration. As we know it, and as it is almost universally known, the power is one to be exercised by one court over another of inferior jurisdiction. Necessarily, under such theory, the writ runs to the inferior court or judge in his official capacity, and while there is some little authority to the contrary, it may not properly be held to affect or run to cases and parties litigant as distinguished from courts and their incumbents. But here respondent is asked to make an order, not upon the justice (without regard to the fact that the circuit court could not compel the justice to exercise a jurisdiction which he did not otherwise possess, nor could it regulate the exercise of his discretion), but upon the defendant to a cause pending before the justice and over which cause the circuit court has no jurisdiction as regards the disposition of the same on the merits.

There is something said about the equitable powers of the circuit court being called into play, but by no stretch of the imagination may the proceeding before respondent be regarded as a suit in equity, nor, for that matter, have bills of discovery survived the adoption

of our civil code, a remedy, when appropriate, being otherwise provided therein by the statutes heretofore referred to.

It follows that our preliminary rule in prohibition heretofore ordered to issue should be made permanent; and the Commissioner so recommends.

PER CURIAM:—The foregoing opinion of Bennick, C., is adopted as the opinion of the court. The preliminary rule in prohibition heretofore ordered to issue is, accordingly, made permanent. *Hostetter, P. J.*, and *Becker* and *McCullen, JJ.*, concur.