PERKINS v. ST. LOUIS, KANSAS CITY AND COLORADO RAILROAD COMPANY, *Appellant.*

Division One, April 1, 1898.*

1. Condemnation Judgment: ERROR IN TAXING COSTS AGAINST DEFENDANT. An error in taxing against the landowner the costs that accrued after the filing of the report of the commissioners in a condemnation proceeding, is an error apparent upon the face of the record proper, and can be reached by writ of error within three years of the rendition of the judgment.

2. ———: EQUITY: LACHES IN FAILING TO HAVE JUDGMENT SET ASIDE: CASE STATED. A compromise judgment in a proceeding to condemn land for the right of way of appellant railway company was entered May 24, 1888. The judgment erroneously, and it is charged, by fraud or mistake of the attorneys for the railroad, taxed the costs against the landowner. The landowner was advised of the error by January 3, 1889, since on that day he filed a motion to set it aside, which motion was denied. On October 31, 1889, he brought suit in equity to set aside the judgment. This suit was afterward transferred to the United States circuit court and on September 8, 1892, dismissed for want of prosecution. On August 17, 1893, the present suit was instituted in equity to set the judgment aside. *Held,* that since the defendant landowner was advised of the form of the judgment within one year, and could have had it reviewed in the proper appellate court, by writ of error any time within three years, or could have appealed from the order overruling his motion to set the judgment aside, and also failed to prosecute the first suit instituted by him, he was guilty of laches and can not now maintain this suit in equity.

*NOTE.—Decided February 23, 1898, and motion for rehearing denied April 1, 1898.

3. **Equity**: LACHES: REMEDY AT LAW.  One who is fully apprised of his rights can not remain passive until too late to use the remedies which are open to him at law, and then after the lapse of several years, be permitted to invoke equitable aid to set aside the solemn judgments of the courts.

*Appeal from Franklin Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED.

*Adiel Sherwood* for appellant.

(1)  Mere error in a judgment is no ground for equitable relief.  *Brackett v. Brackett*, 61 Mo. 221; *Ellis v. Jones*, 51 Mo. 189; *Carolus v. Koch*, 72 Mo. 645. (2)  Conceding for the sake of argument only that it was erroneous to tax these costs against the plaintiff, it was an error which appeared on the face of the judgment, and could have been reached by writ of error, and hence is no ground for equitable relief.  *Railroad v. Lewright*, 113 Mo. 660.  And the fact that plaintiff has slept upon his rights and allowed the time to pass within which he could sue out a writ of error, furnishes no ground for the interference of the circuit court, but is, on the contrary, such laches as will absolutely bar equitable relief.

*John W. Booth* for respondent.

(1)  A court of equity has jurisdiction to set aside a judgment fraudulently procured.  Big. on Fraud, 86, 636; Big. on Estop. [3 Ed.] 162, 163; *Payne v. O'Shea*, 84 Mo. 129; *McClanahan v. West*, 100 Mo. 309; *Miles v. Jones*, 28 Mo. 87; *Harris v. Terrell's Ex'r*, 38 Mo. 421.  (2) A judgment obtained in violation of an agreement will be relieved against though the agreement was made on Sunday and was oral, while the rules of court required stipulations to be in writing.

*Blakesly v. Johnson*, 13 Wis. 530; *Nealis v. Dicks*, 72
Ind. 374.   (3) It is plain that this error might have
been corrected by suing out a writ of error within three
years, since it would have been apparent on the face of
the record proper, without any specific proof of the
circumstances of the mistake.   Yet on appeal from
the judgment on the demurrer, the Supreme Court of
Missouri held that the plaintiff was in equity entitled
to relief on the ground of innocent mistake, reversed
the judgment, and remanded the cause.   *Wilson v.
Boughton*, 50 Mo. 17.   (4) On the part of the appellant
there is no pretense of any effort made to comply with
the agreement to see to the entry of judgment in ac-
cordance with the compromise, and if with knowledge
that it was the practice of the court to enter such a
judgment (as is here complained of) in similar cases,
the defendant, by its attorney, making the agreement
to see to the entry of a judgment in accordance with
the compromise, simply did nothing but suffer the
court to go on and do what he expected to do in the
way of entering judgment, and if the judgment so en-
tered is one which would be fraudulent if that attorney
had himself written it up, and actively procured its
entry of record, it is equally fraudulent, secured by so
paving the way for the wrongful record entry, and
abusing the confidence reposed in him, by making no
effort to secure the entry of judgment in accordance
with the compromise.

WILLIAMS J.—The *defendant* in *this* case instituted
in the circuit court of Franklin county, on the first of
February, 1887, a statutory proceeding for the condem-
nation of a right of way for its railroad over certain
real estate in that county belonging to plaintiff.

The railroad company, after the commissioners ap-
pointed by the court had assessed the damages to plain-

tiff's property at $2,325, demanded a new assessment by a jury, which was granted. The case was then sent by change of venue to the circuit court of St. Louis county, and was set for trial at the May term, 1888, of said court. After the parties and their witnesses had waited a day or two for the case to be reached, negotiations for a compromise were begun, which resulted in an agreement that plaintiffs's damages should be fixed at $1,350, and this agreement was announced to the court. There is some conflict in the testimony as to what subsequently occurred. The evidence upon the part of the plaintiff was that his attorneys resided in Franklin county; that they had no other business requiring their attendance upon the circuit court of St. Louis county, and were anxious to return home; that it was therefore agreed between them and one of the defendant's attorney's in that proceeding that the latter would attend to entering a proper judgment in accordance with the compromise and would have it written to correctly conform to the agreement; that thereupon plaintiff's attorneys returned home and paid no further attention to the matter, relying upon said agreement. The defendant introduced evidence tending to show that the attorney representing it in said suit did not agree with plaintiff's attorneys to see that the judgment was correctly written by the clerk. The circuit court determined *this* issue for the plaintiff. A judgment was entered May 24, 1888, in favor of the plaintiff in *this* case, who was defendant in *that* proceeding, for $1,350, the damages agreed upon; but against him for all costs that accrued after the filing of the report of the commissioners, and directing the clerk to deduct such costs from the $1,350, and vesting the right of way over the land in the railroad company.

Plaintiff instituted this suit in equity in the circuit court of Franklin county, on the seventeenth of August,

1893, to set aside the above mentioned judgment rendered in the condemnation proceedings on the twenty-fourth of May, 1888. The ground of action is that plaintiff was entitled under the compromise to a judgment for $1,350, and defendant, contrary to the agreement that its attorney would have a proper judgment entered, fraudulently procured the judgment to be so written as to charge to plaintiff the costs incurred after the filing of the commissioners' report, said costs amounting to about $300, and his damages being reduced to that extent. It does not appear when plaintiff first learned of the form of the judgment. It must have been prior to the third of January, 1889, for on that day he filed a motion to set it aside upon the same grounds, among others, relied upon in this action. This motion was overruled June 1, 1889. No appeal was taken from the action of the court in overruling said motion.

Plaintiff, on the thirty-first of October, 1889, brought a suit in equity to set aside the judgment. Said action was begun in the circuit court of Franklin county, removed to the circuit court of the United States, and there dismissed for want of prosecution on the eighth of September, 1892. Nothing further was done until this suit was commenced on the seventeenth of August, 1893.

The circuit court declared the judgment in the condemnation case fraudulent, and entered a decree vacating it, and awarding plaintiff $1,350, with six per cent interest thereon from May 8, 1888, and also the costs, which had been improperly taxed against him in the original proceeding and deducted from his damages, and further decreed that upon the payment of said sum, the railroad company should have the right of way over plaintiff's land, etc. Defendant has appealed from this decree, and challenges plaintiff's right

to relief in equity upon the grounds, among others, that plaintiff has been guilty of *laches*, and that, after he had full knowledge of the form in which the judgment was entered in the condemnation case, he failed to avail himself of plain and adequate remedies at law which were *then* open to him.   We feel constrained to adopt this view, and hence it will be useless to consider other questions discussed in the briefs of counsel.

It has been expressly held by this court that the error in the condemnation judgment, in taxing against the landowner the costs that accrued after the filing of the report of the commissioners, was an error apparent upon the face of the record proper, and could be reached by writ of error.   *Railroad v. Lewright*, 113 Mo. 660. This is the only mistake in the judgment of which complaint is made, and for the correction of which this suit was brought.   It is not denied that plaintiff had knowledge of the form of the judgment within less than a year after it was rendered.   He was entitled to a writ of error as a matter of right at any time within three years from the date of its rendition.

No question of *laches* or of the failure of the petitioner for equitable relief to use the legal remedies open to him was presented to, or considered by, the court in *Wilson v. Boughton*, 50 Mo. 17, cited by plaintiff.   In *Blakesley v. Johnson*, 13 Wis. 530, however, which is also relied upon by him, and in which a judgment was vacated for fraud, the court held that, if the applicant for equitable aid in that case had been fairly informed of the fraudulent conduct complained of in time "to appeal and defend himself, or even if he had known of the judgment in time to appeal, his right to any relief in equity would fail."   Black on Judgments (vol. 1, sec. 363), lays down the same rule:   "The party must have exhausted his possible legal remedies by appeal or writ of error before equity will hear him."   "Where the

law affords a remedy, ample and adequate, equity declines to interfere" *Railroad v. Maddox*, 92 Mo. 469; *Stockton v. Ransom*, 60 Mo. 535; *Hotel Ass'n v. Parker*, 58 Mo. 327. A party who is fully apprised of his rights can not remain passive until too late to use the remedies which are open to him at law, and *then* after the lapse of several years be permitted to invoke equitable aid to vacate and set aside the solemn judgments of the courts.

Plaintiff not only failed, after being fully informed of the nature of the judgment that had been entered, to have it reviewed upon writ of error by the proper appellate tribunal, as he might have done, but omitted to appeal from the order overruling his motion to set aside the judgment. He brought a suit in equity to correct it and permitted this suit to be dismissed for want of prosecution and took no further steps in the matter for nearly a year, when the present action was brought.

We can not, at this late day, and under the circumstances disclosed by this record, grant plaintiff the relief he seeks without the violation of what seems to us to be plain and well established principles of equity jurisdiction.

It follows from what has been said that the judgment should be reversed, and it is so ordered. BRACE, P. J., and ROBINSON, J., concur.