WILLIAM J. HARVEY AND WALTER STEBBINGS, Respondents, v. J. J. LAMBERT, Appellant.

Kansas City Court of Appeals, May 15, 1911.

1. JUSTICES OF THE PEACE: Jurisdiction: Account: Bill of Items. Plaintiffs sued, in the firm name, which was that of a corporation, in the justice court on an account. Defendant appeared and filed a motion to dismiss on the ground that plaintiff had failed to file a bill of items before the trial, as provided for in section 7413, R. S. 1909 (section 3853, R. S. 1899). The justice overruled defendant's motion, gave judgment for plaintiffs, and defendant appealed. Before trial in the circuit court, plaintiffs, over defendant's objections, filed an amended petition, stating an itemized account and suing as a co-partnership instead of as a corporation. *Held*, that the account as originally filed before the justice was sufficient to support an amendment, which is all that is necessary to give a justice jurisdiction.

2. ———: Statement of Account: Amendment on Appeal. The rule is well settled that the statement or account filed with

the justice is sufficient if it advises the opposite party of the nature of the claim, and is sufficiently specific to be a bar to another action, and section 7587, R. S. 1909 (section 4079, R. S. 1899) provides for the amendment in the circuit court of a defective statement or bill of items, when by such amendment substantial justice will be promoted, and when the items stated in such amendment were embraced or intended to be included in the original account.

3. ————: **Amendment on Appeal: Co-partnership Instead of Corporation.** Where the name of the firm is that of a corporation, it is not error to permit plaintiffs to show in an amended petition, filed in the circuit court on appeal from a justice's judgment in plaintiff's favor, that they were a co-partnership, and to prosecute the action as individuals composing a co-partnership, for even if plaintiffs had expressly sued as a corporation, the amendment would have been proper because this is not the substitution of an entirely new party, but only the designation of the individuals who were in reality the original parties suing as a corporation, when in fact it was only a co-partnership.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*W. F. Riggs* for appellant.

*Noyes & Heath* for respondents.

JOHNSON, J.—This action was brought in a justice court by the filing of the following account:

"KANSAS CITY, Mo., Aug. 1, 1905.
H. E. Lambert & J. J. Lambert, Dr.
    To Harvey-Stebbings Paint and Glass Co., Cr.
For Paint and Materials, Balance .............$46.70
    Filed Aug. 25, 1905."

Summons was issued and served on J. J. Lambert to appear and "answer the complaint of Harvey-Stebbings Paint & Glass Company, founded upon an account wherein he demands forty-six and 70-100 dollars." **J. J. Lambert** appeared and filed a motion to dismiss on the

ground, among others, that "the suit appears to be founded upon an account, but a bill of items of the account is not stated or filed with the court at the commencement of this suit." This motion was overruled September 6, 1905, and on October 16, 1905, the justice, after hearing the evidence, rendered judgment for plaintiff in the sum demanded. Defendant appealed and when the cause reached the circuit court plaintiffs, over the objection of defendant were allowed to file an amended petition in which they alleged that plaintiffs were William J. Harvey and Walter F. Stebbings, co-partners doing business under the firm name of Harvey-Stebbings Paint & Glass Company. An itemized account of the demand also was stated which gave all the items of paints and material for which plaintiff's demanded payment in the original account. Defendant filed answer to the amended petition. A trial to a jury resulted in a verdict and judgment for plaintiffs.

It is argued by defendant that the account filed with the justice was wholly insufficient to meet the requirements of section 3853, Revised Statutes 1899, that if the suit is founded on an account a bill of items shall be filed before the jury is sworn or the trial commenced. The account was defective and the justice should have required plaintiffs to file a sufficient bill of items before the trial and if such bill was not so filed the motion to dismiss should have been sustained. But we do not agree with defendant that the account was so fatally defective that the justice acquired no jurisdiction over the cause. It was sufficient to support an amendment and that is all that is necessary to give the justice jurisdiction. [Keene v. Sappington, 115 Mo. App. 33; Patchen v. Durrett, 116 Mo. App. 437; Rechniter v. Vogelsang, 117 Mo. App. 148; Redell v. Stone Co., 126 Mo. App. 163.]

The rule is well settled that the statement or account filed with the justice is sufficient if it advises the opposite party of the nature of the claim and is suffi-

ciently specific to be a bar to another action. Section 4079, Revised Statutes 1899, provides for the amendment in the circuit court of a defective statement or bill of items, when by such amendment substantial justice will be promoted and when the items stated in such amendment were embraced or intended to be included in the original account. There can be no question but that the items in the amended bill were intended to be included in the original account and we hold the circuit court had jurisdiction over the cause and acted properly in permitting the amendment.

Nor was it error to permit the plaintiffs to show in the amendment that they were a co-partnership and to prosecute the action as individuals composing a co-partnership. The name of the firm is that of a corporation, but even if plaintiffs had expressly sued as a corporation the amendment would have been proper. The case of Ward v. Pine, 50 Mo. 38 is in point and is decisive. In that case the Supreme Court say: "The only material point raised and discussed in this case was the action of the court in permitting the plaintiffs to come in and be substituted for the alleged corporation. It is not pretended that the cause of action is not the same originally sued on. The only claim set up is that it was due to a co-partnership formed of the plaintiffs of the same name and style of the alleged corporation. This is not the substitution of an entire new party, but only the designation of the individuals who were in reality the original party suing as a corporation, when in fact it was only a co-partnership and not a corporation."

To the same effect is the decision of Goode, J., in Hackett v. Van Frank, 119 Mo. App. 648, where the authorities are collected and reviewed.

Other points argued have been considered and are ruled against defendant. The judgment is affirmed. All concur.