GIRARD TRUST COMPANY, APPELLEE, V. HENRY NULL ET AL.;
W. V. HOAGLAND, APPELLANT.

FILED DECEMBER 4, 1914. No. 17,878.

1. Judgment: MODIFICATION AFTER TERM. The statutory remedy for
   correcting a judgment after expiration of the term at which it was
   rendered is limited to the grounds enumerated in the statute.
   Code, sec. 602 (Rev. St. 1913, sec. 8207).

2. ————: ————. A motion to correct a decree by allowing interest
   at 10 per cent. per annum after maturity of the debt, instead
   of a lower rate for that period, as originally fixed by the trial
   court, should be overruled on a record showing that the decree
   was entered as pronounced; that the term at which it was
   rendered was allowed to pass without any effort to correct it;
   that it had been affirmed by the supreme court; that there
   had been no attempt to correct the error on appeal; that the journal
   entry of the decree disclosed no error in the rate of interest;
   that the motion required a judicial inquiry into evidence out-
   side of the decree itself.

APPEAL from the district court for Lincoln county:
HANSON M. GRIMES, JUDGE. *Reversed.*

*Hoagland & Hoagland* and *W. B. Comstock,* for appel-
lant.

*Albert Muldoon, contra.*

ROSE, J.

The purpose of the appeal is to reverse an order cor-
recting a decree. The suit was brought to foreclose a
mortgage. In the entry of the decree, which was in favor
of plaintiff, the unpaid debt with the interest due, as com-
puted by the trial judge and as stated in his findings, was
$986. From a decree of foreclosure to collect that sum,
defendants appealed to the supreme court. An affirmance
followed. After the mandate had been received below, the
affirmed decree was, on a motion by plaintiff, changed by
the district court at a subsequent term to show that the
amount due plaintiff was $1,127.97 instead of $986, as origi-

nally decreed. The increase is the difference between interest at the rate of 7 per cent. per annum for the entire period and that rate until maturity of the debt, with interest after maturity at the rate of 10 per cent. per annum until the date of the decree. From this modification defendant W. V. Hoagland prosecutes the second appeal in this case.

Plaintiff attempts to justify the modification after expiration of the term at which the decree was rendered, on the ground that the trial court had statutory power to make the correction: "For mistake, neglect, or omission of the clerk." Code, sec. 602 (Rev. St. 1913, sec. 8207). On this proposition it is argued that a clerical mistake of a judge in computing interest is similar to that of a clerk, and that power to correct an error of either exists, even after the erroneous judgment has been reviewed and affirmed by the appellate court. It is well settled by repeated decisions that relief under the statute cited is limited to the grounds enumerated therein, and that the statutory remedy does not extend to errors of law or to judicial acts. *Dillon v. Chicago, K. & N. R. Co.*, 58 Neb. 472; *Ackerman v. Ackerman*, 61 Neb. 72; *Hitchcock County v. Cole*, 87 Neb. 43; *Meade Plumbing, Heating & Lighting Co. v. Irwin*, 77 Neb. 385.

On the face of the decree, as it appears on the journal of the district court, error in the amount of interest recoverable does not appear. Neither the note nor the mortgage is copied on the journal. The entry made thereon contains nothing to indicate that interest was payable at an increased rate after maturity. Plaintiff does not assert that the clerk made any mistake. The decree of foreclosure includes an opinion of the presiding judge, findings of fact, and the final order itself. It expresses without omission the entire judicial action taken at the time it was rendered. Plaintiff could have asked the trial court to make the correction any time before expiration of the term at which the decree was rendered, while jurisdiction for that purpose existed. The mistake was subject to correction in the appellate court on cross-appeal. There

was no clerical error in computation. Plaintiff's motion presented a judicial inquiry into the rate of interest mortgagors had agreed to pay after maturity of the debt. The determination of that question required the trial judge to go beyond his former findings and judgment and to consider evidence not appearing in his minutes or on the journal. At the proper time, plaintiff should have either presented a form of decree or have examined the one rendered. In these respects the trial court was entitled to plaintiff's assistance. The power to correct a journal entry to record the judgment actually rendered is not involved. The error in controversy was not within the enumerated remedies created by the statutory provisions invoked by plaintiff.

The modification of the affirmed decree is therefore reversed and plaintiff's motion overruled.

REVERSED.

BARNES, FAWCETT and HAMER, JJ., not sitting.