BETTIE DEROSSETT, APPELLANT, v. W. M. MARSH, RESPONDENT.

In the Springfield Court of Appeals. January 15, 1931.

*Herman Pufahl* for appellant.

1096

*T. H. Douglas* for respondent.

BAILEY, J.—This is a suit in equity to set aside a judgment obtained by defendant against plaintiff and rendered by Harry T. West, a justice of the peace of Polk county, Missouri. On trial in circuit court judgment was for defendant and plaintiff has appealed.

The judgment sought to be set aside was based on an account filed with the justice in words and figures as follows:

"ACCOUNT.

"Mr. and Mrs. Stive Sawyers

"Mrs. John Derossett

"1914             W. M. Marsh

| | | |
|---|---|---:|
| "May 13 | Shoes $7.25, Corset $2.00, Emb $3.65, Suit $5.00, Hat .50, Dress $2.50 Thread .25, Muslin .63, perc .20, Table linen $1.00, dress $1.65, suit $3.75 .......................... | $28.38 |
| | Buttons .38, hats $2.50 ........... | 2.88 |
| 25 | Emb .30, Corset Cover .25 ......... | .55 |
| 30 | Combs .50, baretts .50 ........... | 1.00 |
| | Suit $10.00, shoes $3.50, shoes $3.00, Shoes $3.75, Underwear $2.00, shirt .50, hat $1.50 ..................... | 24.25 |
| "June 8 | Oil Cloth .60, gingham $2.00, ........ | 2.60 |
| | pants $4.00, overalls $2.50 ......... | 6.50 |

| | | | |
|---|---|---:|---:|
| "Sept. 28, | Cr by cash ...................... | $66.16 | 20.00 |
| | | $46.16 | |
| "Interest from Jan. 1, 1915, to Jan. 1929 .... | | 89.89 | |
| | | $136.05" | |

One of the grounds alleged for setting aside the judgment is that the justice never acquired jurisdiction because no statement, such as is required by law, was ever filed with him.

Appellant has cited a great number of cases in support of this proposition, a review of which is unnecessary. They are all cases arising on appeal from default judgments based on what were held to be insufficient accounts or statements filed before a justice of the peace. In each of said cases there was a clear failure to comply with the statute requiring a plaintiff to file with the justice a statement of the account sued on or of the facts constituting his cause of action. [Sec. 2735, R. S. 1919.] The rule is that if the statement or account filed is sufficiently definite as to advise the opposite party of the nature of the claim and so identifies the subject-matter and cause of action as to bar another action, the

statement or account is sufficient. [Harvey v. Lambert, 156 Mo. App. 268, l. c. 270, 137 S. W. 644; Weese v. Brown, 102 Mo. 299, 14 S. W. 945.] The statement here involved is defective and would, we think, have been subject to attack on proper motion. But it contains all dates and specifies each article sold. It certainly would bar another action for the same articles sold. Particularly should it be held sufficient under the circumstances of this equitable action to set aside the judgment. It appears from the record that plaintiff in this suit was personally served with process; that she consulted a lawyer in regard to the matter and on his advice refused to appear at the office of the justice on the day the case was set, although she was in the city where the office of the justice was on that day and talked with her lawyer. In other words, plaintiff ignored the summons and failed to raise the defense of the Statute of Limitations, which she might have done, but permitted a default judgment to be entered against her on April 13, 1929. Thereafter, on May 7, 1929, a transcript of the judgment was filed in the office of the circuit clerk of Polk county and a transcript execution was issued for the purposes of levying on plaintiff's property. Plaintiff thereupon filed a motion to quash the execution, setting forth the same facts and circumstances contained in the bill in this case. This motion was overruled July 9, 1929, and no appeal was taken therefrom, but on August 12th, thereafter, the present suit was instituted. Plaintiff has therefore been negligent in this matter in failing to appear in justice court, although duly summoned, and has failed to pursue the legal remedies open to her by appeal from the order made on her former motion. We believe the granting of the relief now sought by plaintiff would be in violation of well-recognized equitable maxims and should be denied. [Perkins v. Railroad Co., 143 Mo. 513, 45 S. W. 260; Woodmen Accident Co. v. Martin, 315 S. W. 775; Cohen v. Steel Co., 282 S. W. 469.] It is urged that a mistake was made in the calculation of the interest. Equitable relief may be had to correct such mistakes under certain circumstances, according to the rule in Missouri. [Wilson v. Boughton, 50 Mo. 17; Case v. Cunningham, 61 Mo. 434.] In this case the account filed stated the amount of interest due and the justice so found. It was not the calculation of the justice, but a part of the account itself. It was evidently a mistake, but one which cannot now be corrected. There is no evidence that the justice intended to render any other judgment than that which he did render and this court, in our opinion, cannot correct such a judgment, even if plaintiff were now in a position entitling her to equitable relief. [State v. Wurdeman, 192 Mo. App. 657, 179 S. W. 964.]

Other points raised need not be discussed in view of what has been said. The judgment should be affirmed. It is so ordered. *Cox, P. J.*, and *Smith, J.*, concur.