**Paul A. VAN NOY, Plaintiff-Appellant,**

**v.**

**Charles HUSTON and Freda Huston, His Wife, Defendants-Respondents,**

**John Wood, Trustee for Ruth E. Wood, and Ruth E. Wood, Defendants.**

**No. 8821.**

Springfield Court of Appeals.

Missouri.

Dec. 5, 1969.

Robert B. Baker, Ellington, for plaintiff-appellant.

Marvin L. Dinger, Ironton, for defendants-respondents.

TITUS, Presiding Judge.

Plaintiff's appeal is to try the April 15, 1968, "final and appealable" order of the Circuit Court of Iron County which amended its December 11, 1967, judgment nunc pro tunc. We reverse the order and remand the cause with directions to restore the original judgment entered.

At the conclusion of the trial the jury was instructed that if it resolved the issues for plaintiff, he was to be awarded the sum found owing him "with interest from the

date such amount was due * * * at the rate of six per cent per annum." V.A.M.S. § 408.020. The verdict returned in plaintiff's favor made no allowance for interest, but the December 11, 1967, "judgment that was actually entered" adjudged that plaintiff should recover of defendants "the sum of $5,535.00, with interest from the 10th day of November, 1965, at the rate of six per cent per annum."

Defendants' motion for a new trial was devoid of complaint that the judgment provided for prejudgment interest contrary to the verdict. This motion was overruled March 6, 1968, and defendants did not appeal. Thereafter, defendants deposited "in the registry of the Circuit Court" sufficient moneys to pay the judgment principal, court costs and postjudgment interest (V.A.M.S. § 408.040), and on April 9, 1968, nearly four months subsequent to the judgment and 34 days after the motion for a new trial was denied, defendants moved the trial court to amend the December 11, 1967, judgment nunc pro tunc to conform "with the jury verdict" and to "enter Satisfaction of Judgment in full." The April 15, 1968, order of the circuit court recites "that no interest was mentioned [in the verdict] and that the verdict was not challenged before the jury was discharged; that thereafter the court entered the judgment as prepared by attorney for plaintiff which added interest * * * to the sum * * * as returned by the jury in its verdict. The court at this time corrects the erroneous judgment entry by deleting from said judgment all reference to interest [and] the judgment is ordered satisfied." Plaintiff appealed.

█ The verdict in jury cases is the sole basis for the judgment (Thorne v. Thorne, Mo., 350 S.W.2d 754, 757(1); Spangler-Bowers v. Benton, 229 Mo.App. 919, 925(3), 83 S.W.2d 170, 175(3); Singleton v. Kansas City Baseball & Exhibition Co., 172 Mo.App. 299, 306, 157 S.W. 964, 966), and although prejudgment interest may be recoverable on a claim, if a verdict which allows no such interest is received and accepted *without objection, it* is error for a court to add interest to the judgment after the jury has been discharged. State ex rel. State Highway Commission v. Green, Mo., 305 S.W.2d 688, 694; Laughlin v. Boatmen's Nat. Bank of St. Louis, 354 Mo. 467, 474(4), 189 S.W.2d 974, 978(11); Ralston Purina Company v. Kennedy, Mo.App., 347 S.W.2d 462, 466; Kaimann v. Kaimann Bros., Mo.App., 182 S.W.2d 458, 462(12); Powell v. Bierman, Mo.App., 22 S.W.2d 854–855(1–2). Should such a judgment be rendered, it may be amended to become compatible with the jury's pronouncement, provided that court or counsel proceed within the time and by the methods prescribed by rule and law. See Henry Weis Cornice Co. v. J. B. Neevel & Sons, 187 Mo.App. 496, 500–501(4), 174 S.W. 159, 161(9). In this instance, however, when defendants' motion for a new trial was overruled and they did not appeal, and more than thirty days elapsed from the date of the judgment without remedial action by the trial court, the power and authority to correct, amend or modify the judgment was lost. Civil Rules 75.01, 78.02 and 82.05(a), V.A.M.R.; State ex rel. Berbiglia, Inc. v. Randall, Mo. (banc), 423 S.W.2d 765, 769(4); State ex rel. County of Mississippi v. Stallings, Mo., 434 S.W.2d 588, 591(4); State ex rel. Simons v. Wilcox, Mo.App., 224 S.W.2d 392, 395; State ex rel. Templeton v. Seehorn, Mo.App., 208 S.W.2d 789, 792 (2).

█ In tacit recognition of the foregoing, defendants sought to escape liability for prejudgment interest as provided by the judgment through the device of a nunc pro tunc entry. While courts have inherent power to correct their records nunc pro tunc after the end of thirty days from the date of the judgment (formerly after the term in which the judgment was made), such entries may be properly employed to correct only clerical omissions, mistakes or misprisions so as to make the record speak the truth by evidencing an act done or a judgment actually rendered at a prior time but not carried into the record or not faith-

fully recorded. Aronberg v. Aronberg, Mo. App., 316 S.W.2d 675, 681(5, 6); 49 C.J.S. Judgments § 117, pp. 246–247; 46 Am.Jur. 2d, Judgments, §§ 199–200, pp. 441–443. Clerical errors may be made by judges as well as clerks [Gordon v. Gordon, Mo.App., 390 S.W.2d 583, 586–587(6)], but a nunc pro tunc order to correct a judgment erroneously entered as the result of a clerical mistake cannot be made unless it is supported by and based on some evidence in the record which shows the judgment which was actually rendered. E. C. Robinson Lumber Company v. Hazel, Mo.App., 271 S.W.2d 610, 612(1, 2). On the other hand, a nunc pro tunc order may not be used to correct judicial errors, mistakes or oversights by judges; neither may such an order assume the office of creating a new record or entering a judgment never made or one different from that actually rendered, albeit the judgment rendered was not the judgment the judge intended to make. City of Ferguson v. Nelson, Mo., 438 S.W. 2d 249, 253(3); Farrell v. DeClue, Mo.App., 365 S.W.2d 68, 72(3); Heaven v. Heaven, Mo.App., 363 S.W.2d 33, 37–38; 1 Black on Judgments, 2d Ed., § 158, pp. 230–232. When a judgment is in fact entered, the presumption is indulged that it is the judgment actually rendered by the court, and the burden is on the movant for a nunc pro tunc entry to show by competent evidence that a different judgment was in fact rendered. Schulte v. Schulte, Mo., 140 S.W.2d 51, 53(2). Judicial errors in awarding or withholding prejudgment interest, are like other judicial errors which are not amendable by nunc pro tunc entries. Gray v. Dukedom Bank, 6 Cir., 216 F.2d 108, 109–110(1); Reed v. Howbert, 10 Cir., 77 F.2d 227, 228–229 (2–4); State ex rel. Hay v. Harper, 56 Mo.App. 611, 614(1); Green v. Hoffman, (banc), 126 Colo. 104, 251 P. 2d 933, 935(2); Potter v. Prudential Ins. Co., 108 Conn. 271, 142 A. 891, 896(18); Goldreyer v. Cronan, 76 Conn. 113, 55 A. 594, 595–596(1); Girard Trust Co. v. Null, 97 Neb. 324, 149 N.W. 809, 810(2); Texas Harvester Co. v. Wilson-Whaley Co., Tex. Civ.App., 210 S.W. 574, 580(10); 1 Free-man on Judgments, 5th Ed., § 153, pp. 300–301; 49 C.J.S. Judgments § 247, at 461.

Defendants do not contend, as confirmed by our independent perusal, the transcript on appeal contains anything to indicate that the judgment which "the court entered," although it was in the form prepared by plaintiff's lawyer, differed from the judgment that was actually rendered by the court. In the absence of any paper, entry, minute or notation in the case evincing that the judgment entered differed from the judgment made, nothing existed upon which to predicate a proper nunc pro tunc order even assuming, which we do not, that the judgment entered resulted from clerical error rather than judicial mistake. Moreover, sans any showing whatever that a judgment was in fact rendered contrary to that entered, we indulge the presumption that the judgment entry accurately recites the judgment that was rendered. Rendering the judgment was a judicial act, and although it did not conform to the verdict, and may not have been what the judge intended, it was a judicial error akin to other errors which courts sometimes make that are incorrectable through nunc pro tunc entries. We do not speculate if an avenue exists which may lead defendants to relief (see generally Overton v. Overton, 327 Mo. 530, 540(1), 37 S.W.2d 565, 567(1); Wilson v. Boughton, 50 Mo. 17, 19(3); Derossett v. Marsh, 224 Mo.App. 1095, 1099(3), 35 S.W.2d 62, 63 (3); 1 Black on Judgments, 2d Ed., § 168, pp. 246–247)—we only decide that by undertaking to change the December 11, 1967, judgment by way of a nunc pro tunc order, the defendants and the court nisi took the wrong path.

The order of the trial court of April 15, 1968, purporting to amend the December 11, 1967, judgment nunc pro tunc and declaring it satisfied as altered is hereby reversed, and the cause is remanded with directions to restore the original judgment entered.

STONE and HOGAN, JJ., concur.