David SCHARLOTT, by Next Friend, Joe L. Benton, Appellant,

Sandra Scharlott, Plaintiff,

v.

Leon GIBSON, Respondent.

No. 55143.

Supreme Court of Missouri, Division No. 1.

March 8, 1971.

**850**

Sherwood R. Volkman, St. Louis, for plaintiffs-appellants.

Willson, Cunningham & McClellan and Jerome M. McLaughlin, St. Louis, for defendant-respondent.

PER CURIAM:

This is an appeal from a judgment dismissing Count III of a three-count petition for damages for failure to state a claim upon which relief can be granted. Since Counts I and II had not been disposed of at the time the notice of appeal was filed the appeal was premature because the judgment appealed from did not dispose of all parties and all issues, and there was no order of a separate trial of Count III and the judgment was not specifically designated as a final judgment for the purpose of appeal, under Civil Rule 82.06, V.A.M.R.

■ After the briefs were filed in this Court this apparent defect was brought to the attention of counsel for appellant and respondent. In an effort to avoid delay in reaching a determination of the issue appealed the parties consented to the entry of an order nunc pro tunc and on January 19, 1971, the same day the appeal was argued in this Court, a nunc pro tunc order was entered by the circuit court reciting that "by consent of the parties" the order of dismissal was a final dismissal as to Count III for the purpose of appeal. The order of January 19, 1971 was not effective to correct the defect. To warrant an amendment nunc pro tunc "* * * there must be some record basis for the amendment—some entry either in the minutes kept by the judge or clerk, or some paper filed in the cause." State v. Turpin, 332 Mo. 1012, 61 S.W.2d 945, 947[4]; City of Ferguson v. Nelson, Mo.Sup., 438 S.W. 2d 249, citing many authorities l. c. 253[5]. An order nunc pro tunc may not be made to depend upon the memory of the judge, unsupported by facts of record, Doerschuk v. Locke, 330 Mo. 819, 51 S.W.2d 62, or upon the memory of witnesses, State v. Turpin, supra; State v. Jeffors, 64 Mo. 376, 378, or that of counsel, nor may such an order be made by agreement and consent of the parties with the approval of the court, unsupported by some writing filed in the case.

■ If the nunc pro tunc order, which in terms related back to the order of October 10, 1969, had been made with a proper record basis this Court would have been obliged to dismiss the appeal, thereby forever foreclosing appellant's right to have the dismissal of Count III reviewed on the merits. This for the reason that the order of October 10, 1969 was a nullity, having been entered more than 30 days after the original order of September 5 sustaining the motion to dismiss Count III, Civil Rule 75.01 (no motion for new trial or to set aside the order of dismissal having been filed within the 15-day period following September 5, Civil Rule 78.02). The judgment became final on October 5 and the court's jurisdiction no longer attached. Under Civil Rule 82.04 it was required that

the notice of appeal be filed not later than 10 days thereafter (by October 15 under Civil Rule 82.04; State v. Gullett, Mo.Sup., 411 S.W.2d 227, 228; State v. Brookshire, Mo.Sup., 400 S.W.2d 61). The notice of appeal, however, was actually filed October 16, 1969—one day too late.

Under the circumstances appellant may yet appeal, but the present appeal is dismissed as premature, Civil Rule 82.05(b), and the cause is remanded to give the parties an opportunity to dispose of Counts I and II or take any other action deemed advisable.