**F. Trigg SNYDER, Jr., et al., Appellants,**

v.

**Billy M. ALDER, Defendant,**

and

**City of Richmond, Missouri, Respondent.**

**No. 26865.**

Missouri Court of Appeals, Kansas City District.

Sept. 3, 1974.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

WASSERSTROM, Judge.

Plaintiffs appeal from an order of the circuit court sustaining a motion by the defendant city to dismiss the petition for failure to state a cause of action against the city. The defendant city urges dismissal of this appeal on the ground that it is premature. Since that objection to our jurisdiction is sound, we do not reach the merits of the case.

The petition contains a single count praying money damages against defendant city and also against an individual defendant, Billy M. Alder. The basis of plaintiffs' claim is an alleged breach of a contract between the defendants, under which plaintiffs allege that they are third party beneficiaries. To that petition, defendant Alder filed an answer, while the defendant city filed its motion to dismiss.

The city's motion to dismiss was sustained by order dated July 12, 1973. Plaintiffs filed notice of appeal on July 16, 1973. The transcript on appeal was approved September 28, 1973, and was filed in this court on October 4, 1973.

A supplemental transcript shows that after the filing in this court of the original transcript on appeal, plaintiffs applied to the trial court on October 20, 1973, for an order correcting the July 12 order nunc pro tunc. This application stated that the order mentioned dismissing plaintiffs' petition as to the defendant city "failed to designate said order as being a final judgment for the purposes of appeal at the time of entry, as authorized and provided by Rule 81.06 of the Rules of Civil Procedure, V.A.M.R. Plaintiffs further state that it is believed that the court intended that said order be a final judgment for purposes of appeal and that it would be in the interest

N. R. Bradley, Bradley, Skelton & Schelp, Lexington, for appellants.

Robert M. Hill, Hill & Hill, Richmond, for respondent.

of justice for said order to have been so designated."

That application was sustained and a nunc pro tunc order entered as requested on October 24, 1973. This order found that the court on July 12, 1973, "failed to designate said order or judgment as a final judgment for the purposes of appeal * * *."

■ Absent the attempted nunc pro tunc correction, the order of July 12, 1973, unquestionably was not appealable. This results from the fact that no disposition had yet been made as to defendant Alder; and for a judgment to be final for purposes of appeal, the judgment must dispose of all issues and all parties. State ex rel. Schweitzer v. Greene, 438 S.W.2d 229, 1. c. 231 (Mo. banc 1969); Johnson v. Great Heritage Life Insurance Co., 490 S.W.2d 686 (Mo.App.1973); S. S. Kresge Co. v. Shankman, 194 S.W.2d 716, 718 (Mo.App. 1946).

■ Belatedly recognizing this defect, plaintiffs have attempted to patch up the status of their appeal by resorting to Rule 81.06, which provides that when a separate trial is had before the court without a jury upon less than all of the claims joined in the case and which arose out of the same subject matter, the court may designate the resulting judgment as final for purposes of appeal.[1] An order dismissing one out of several counts in a petition, for inadequacy to state a cause of action, has been held to be a "separate trial" for purposes of this rule. Johnson v. Great Heritage Life Insurance Co., supra, 490 S.W.2d 1. c. 689–690. So also, the dismissal of a petition against one out of multiple defendants for failure to state a claim against him can be designated as a final judgment for purposes of appeal under this rule. State ex rel. Schweitzer v. Greene, supra, 438 S.W. 2d 1. c. 231.

Such a designation is required by Rule 81.06 to be included "in the judgment entered." Nevertheless, the failure of this designation to appear in the July 12 order was not necessarily fatal to its character as an appealable judgment. If the trial court had actually designated the July 12 order as a final judgment for purposes of appeal, and if the clerk had merely failed to properly record that designation as a matter of clerical mistake, then that error could have been corrected by the trial court nunc pro tunc even after the filing of the transcript on appeal in this court. Scharlott v. Gibson, 463 S.W.2d 849 (Mo.1971); Abbott v. Seamon, 217 S.W.2d 580, 585 (Mo.App. 1949).

■ However, the nunc pro tunc order of October 24 cannot be justified on that rationale, for the reason that the record in this case does not show a mere clerical error in failing to enter a designation actually made on July 12, 1973. The record in this case is absolutely barren of any evidence to show that any such designation was ever made by the court at any time prior to October 24, 1973.

The rule in this state is firmly established that the order actually entered on July 12, 1973 is presumptively correct in all respects; and if something were in fact omitted therefrom by clerical mistake, the burden was upon the plaintiffs, in connection with their application in October, 1973, to clearly prove that fact by competent evidence. Wiseman v. Lehmann, 464

---

1. The pertinent portions of Rule 81.06 read: "When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrence or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless specifically so designated by the court in the judg-

ment entered. * * * In any case (jury or nonjury) when a separate final judgment is entered the court may stay its enforcement until other or all final judgments in the cause are entered and may prescribe such conditions as are necessary to secure and protect the relative rights of all parties; provided, however, any such stay shall not affect the right of appeal."

S.W.2d 539, 542 (Mo.App.1971); Van Noy v. Huston, 448 S.W.2d 622, 624–25 (Mo. App.1969); Wegman v. Fendelman, 333 S.W.2d 290 (Mo.App.1960); Aronberg v. Aronberg, 316 S.W.2d 675 (Mo.App.1958). The evidence required for this purpose must consist of pleadings, records, clerk's minutes, judge's docket or some other paper in the court file. Scharlott v. Gibson, supra; City of Ferguson v. Nelson, 438 S. W.2d 249, 255 (Mo.1969); Abbott v. Seamon, supra; Wiseman v. Lehmann, supra; Van Noy v. Huston, supra; Heaven v. Heaven, 363 S.W.2d 33, 38 (Mo.App.1962). Absent record evidence of this character, there is no sufficient predicate upon which a nunc pro tunc order can be made. Such order cannot be made even by consent of the parties. Scharlott v. Gibson, supra.

In the present case, not only did the plaintiffs fail to introduce evidence of the kind mentioned, but their motion filed October 20 affirmatively states that the order of July 12 "failed to designate said order as being a final judgment" and the plaintiffs limited themselves to the allegation that "it is believed that the court intended" to make such a designation. Likewise, the order of October 24 found affirmatively that the July 12 order failed to contain such a designation. Thus the trial court on October 24, 1973, was undertaking to make a new ruling not previously made. This was an effort to correct a judicial oversight, not to correct a mere clerical mistake in not properly recording what was actually decided. This effort was in flat conflict with numerous and consistent rulings of the Missouri courts to the contrary. Ex parte Neal, 507 S.W.2d 674, 680 (Mo.App.1974); Wiseman v. Lehmann, supra; Van Noy v. Huston, supra; Abbott v. Seamon, supra.

The order dismissing the petition as to the defendant city is not a final judgment, and the nunc pro tunc order of October 24, 1973 was ineffective to make it so. This appeal is therefore dismissed as premature.

All concur.