Susan VISNOVSKE, Plaintiff-Appellant,

v.

Kenneth FINLEY, Defendant,

and

Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors International Union of America, Local No. 102, Defendant-Respondent.

No. 41349.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 2, 1979.

J. Dennis Gassen, Pannell, Dodson & Robinson, Festus, for plaintiff-appellant.

William H. Bartley, Bartley, Goffstein, Bollato & Lange, Clayton, Richard Shinners, Diekemper, Hammond & Shinners, St. Louis, for defendant-respondent.

SNYDER, Judge.

Susan Visnovske sued defendants Kenneth Finley and Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors International Union of America, Local No. 102, for disability benefits due under an insurance contract with the union and for punitive damages. The union filed a motion to dismiss on the ground that it was not a suable entity. Finley moved to quash a summons. Both motions were granted by the trial court but valid service was later obtained upon Finley. Susan Visnovske appeals from the order dismissing her action against the union.

Appellant charges that the trial court erred in dismissing her action against the union because a labor union, even though it is a voluntary unincorporated association, may be a suable entity when it solicits and collects insurance premiums and promises to pay the insured a certain sum in case of disability. Respondent claims that no error was committed, and further that this court has no jurisdiction to hear the appeal because the order dismissing appellant's action against the union is not a final judgment.

It is unnecessary to discuss appellant's contention that the trial court erred in dismissing her case against the union because the appeal must be dismissed as premature.

Appellant's petition included two counts and alleged in substance the following facts: Appellant had been a member of respondent union since October 1976. The union offered to its members disability insurance, for which it solicited and collected premiums. In November of 1976, appellant purchased such insurance through the union's agent, defendant Finley. Finley told her that if she wrote a check to the union for six months of premiums, she would immediately receive disability coverage for a six month period. The contract between appellant and the union contained the same statements, and provided that if she became disabled, the insurance would pay her $100 per week. Appellant was injured March 22, 1977 and was unable to work from that time until May 11, 1977. At the end of the

six month period appellant purchased disability insurance for six more months. She was again injured on August 3, 1977 and was unable to work until October 5, 1977. The union refused to make any disability payments to her on the ground that its insurance program required her to pay premiums for one year before she could be covered.

Appellant in Count I sued the union for benefits allegedly due her under the plan and for damages for vexatious refusal to pay. In Count II she sought actual and punitive damages for fraud.

Finley's motion to quash summons was sustained May 18, 1978. On October 31, 1978, a pluries summons was issued for service on Finley, and he was served with a petition on or about November 13, 1978. The union moved to dismiss on May 18, 1978, which motion was granted November 13, 1978. On December 4, 1978, Finley's answer was filed. Appellant took no further action against Finley, and the action against him is still pending. She appealed the dismissal of her action against the union on December 4, 1978.

The union at the outset contends that this order is not a final judgment, because the trial court dismissed the action as to the union but not as to Finley. Respondent is correct that under the general rule requiring an action to dispose of all parties and issues in a case, the dismissal is not appealable. Section 512.020, RSMo 1978; *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229 (Mo. banc 1969). In *Schweitzer*, at page 232, the court stated that "an order sustaining a motion to dismiss filed by one of several parties is an interlocutory order." See also, *Mullen v. Dike Development Company, Inc.*, 560 S.W.2d 337 (Mo.App.1977); *Snyder v. Alder*, 514 S.W.2d 10 (Mo.App. 1974); *Beezley v. National Life and Accident*, 464 S.W.2d 535 (Mo.App.1971).

The trial court did not designate the order sustaining the union's motion to dismiss as a final judgment for purposes of appeal as authorized in Rule 81.06. See, *State ex rel. Schweitzer v. Greene, supra.*

Appellant first claims that this case falls within an exception to the general rule because the dismissed union may be vicariously liable for Finley's acts. She cites no authority for this proposition. In fact, in at least one case involving an agency relationship the court invoked the general rule as to finality of judgments. *Thomas v. Orrick Special School Dist.*, 246 S.W.2d 523 (Mo. App.1952). In *Schweitzer, supra*, a possibility of vicarious liability existed, but again the court adhered to the rule. Appellant's attempt to create an exception based on vicarious liability fails in the face of these cases.

It is also claimed that the dismissal is based on the question of who can be a party to the suit, and therefore is not subject to the rule requiring disposition as to all parties for appealability.

Appellant is incorrect in asserting that the court's order is final because the union cannot be made to be a party to this case. In *Woods v. Juvenile Shoe Corp. of America*, 361 S.W.2d 694, 695 (Mo.1962), the court noted that, "[A]n interlocutory order is always under the control of the court making it. [Citing cases.] At any time before final judgment a court may open, amend, reverse or vacate an interlocutory order . . . ." The trial court here may take further action on the claim against the union, either upon the court's own motion or in response to a motion of appellant.

Appellant relies on *City of St. Louis v. Silk*, 239 Mo.App. 757, 199 S.W.2d 23 (Mo. App.1947), a case holding an order denying intervention as of right appealable, and *City of Hannibal v. Winchester*, 360 S.W.2d 371 (Mo.App.1962), which held that an order dismissing members of a class in a class action suit without notice to them could be appealed because the dismissal left no adequate representation of the class. The cited cases are distinguishable. In both the court noted that the aggrieved party would be left remediless, for he would have no further rights in the action if no appeal were allowed. In each case the court emphasized the need for the courts to preserve each party's substantive rights from impairment.

Appellant's rights against the union remain intact through possible further action by the trial court or on appeal after final judgment as to either or both parties. Regardless of the outcome in the trial court with respect to Finley, appellant may appeal the dismissal of her case against the union when the trial court's judgment becomes final. *S. S. Kresge Co. v. Shankman*, 240 Mo.App. 639, 212 S.W.2d 794 (Mo.App. 1948). Allowance of this preliminary appeal would merely allow appeal to be taken piecemeal. Under Section 512.020, the court may not permit this result. Therefore, the appeal must be dismissed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.